Per Curiam.
 

 We find that there was unreasonable delay as a matter of law in the Office of Rent Control’s refusal, for a period of over 15 months, to process the landlords’ applica
 
 *942
 
 tions for electrical exclusion decrease orders. It is offensive to one’s sense of fairness for these landlords, having timely filed the necessary applications and engaged in a completely proper course of conduct under the pre-existing regulation, to be denied the benefit of the regulation then extant. Under the facts of these cases, the petitioners were entitled to reasonably prompt processing of their applications. The agency’s arbitrary decision to impose a moratorium on applications of this nature until it had prepared and promulgated a new regulation should not work to the detriment of these petitioners (see
 
 Matter of Pokoik v Silsdorf,
 
 40 NY2d 769, 773;
 
 Matter of Parkchester Apts. Co. v Lefkowitz,
 
 51 AD2d 277, 281, affd 41 NY2d 987). Even in the absence of bad faith, administrative procrastination of this magnitude, be it negligent or willful, without excuse or justification, affords a basis for applying the pre-existing regulation to the applications (see
 
 Matter of Our Lady of Good Counsel R. C. Church & School v Ball,
 
 45 AD2d 66, affd 38 NY2d 780; cf. 1 Anderson, NY Zoning Law and Practice, § 6.17, p 196).
 

 Accordingly, in each of these cases the order of the Appellate Division should be reversed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Wachtler concur in
 
 Per Curiam
 
 opinion; Judges Fuchs-berg and Cooke dissent and vote to affirm for reasons stated in the opinion by Mr. Justice Vincent A. Lupiano at the Appellate Division (54 AD2d 423).
 

 In each case: Order reversed, with costs, and the judgment of Supreme Court, New York County, reinstated.