## (July 28, 1977)

■ In the Matter of TENANTS COMMITTEE OF 425 EAST 86TH STREET, Petitioner, v DANIEL W. JOY, as Commissioner of the Department of Rent and Housing Maintenance, et al., Respondents.—Application by intervenors-respondents to a Justice of this court for leave to appeal from an order (denominated judgment) of the Supreme Court, entered March 7, 1977, in this article 78 proceeding dismissing the proceeding and remitting the matter to the rent commission, is referred to Justice Birns, who grants the motion. Cross application by respondent to dismiss the notice of appeal filed as of right by intervenors-respondents (landlords) from said order and to dismiss notice of appeal filed as of right by petitioner (Tenants Committee of 425 East 86th Street) from order entered January 27, 1977 in this proceeding denying petitioner's motion to add Consolidated Edison as a party-respondent is referred to the court. Cross application granted and the notices of appeal are dismissed, all without costs. In this article 78 proceeding instituted by petitioner, intervenors-respondents seek permission from a Justice of this court to appeal to this court pursuant to CPLR 5701 (subd [c]) from the order and judgment (one paper) of Special Term, dated March 4, 1977, entered March 7, 1977, which granted cross motion of respondent to remit the proceeding to the rent commission for further proceedings and dismissed the article 78 proceeding, without prejudice to renewal after respondent has issued a new final order modifying the order of the rent commission issued on November 27, 1975. Intervenors-respondents in their affirmation in support of their application state that "This motion is made notwithstanding that Intervenor-Respondents are serving and filing a Notice of Appeal from said Judgment, because there may be come uncertainty about whether Intervenors-Respondents are entitled to appeal as of right or require permission." Respondent in his affirmation in opposition controverts the motion of intervenors-respondents and in addition seeks to have intervenors-respondents' notice of appeal and the notice of appeal by petitioner dismissed. Petitioner in its affidavit in opposition likewise controverts intervenors-respondents' motion. The order entered March 7, 1977 of Special Term remitting the matter to the rent commission for further proceedings is nonfinal. As stated in *Matter of North Amer. Holding Corp. v Murdock* (6 AD2d 596, 599, affd 6 NY2d 902): "The mere fact that a matter is remitted to an administrative agency for further action following annulment of its determination on review in the courts does not of itself deprive the order of finality. The question always is whether the further action is merely ministerial or whether the agency still has the power and the duty to exercise quasi-judicial responsibility with respect to the issues. If all that is

left for the agency to do is ministerial, then the order is final even though it contains a direction for remitter to the agency. If, on the other hand, the agency still has the power and the duty to exercise residual discretion, to take proof, or to make an independent record, its function remains quasi-judicial and the order is not final." The matter before us falls within the latter category (CPLR 5701, subd [b], par 1). Hence the order is not appealable as of right under CPLR 5701 (subd [a]) by intervenors-respondents.* Accordingly, the notice of appeal from said order is dismissed. The issue involved here is which of two rent reduction schedules, an old or a new, may be utilized by respondent in issuing orders for rent decreases sought by intervenors-respondents for the elimination of the service of electricity furnished to the tenants. The district rent office orders were issued May 30, 1972 under the old schedule, which was in effect from January 2, 1969 to March 25, 1975. On the latter date (March 25, 1975), about three years after the tenants had filed a protest against the district rent office orders and while their protest was still pending, the new schedule became effective. On November 27, 1975, about six months still later, respondent issued the protest order which is the subject of the remand, affirming the decreases specified in the district rent office orders. Respondent has expressed the intention to apply the new rent schedule in processing the matter pursuant to the remand. He cites section 99 of the New York City Rent, Rehabilitation and Eviction Regulations which states that where a regulation is amended during pendency of a protest, the determination should be in accordance with the amended regulation. Respondent states that, for such purpose, the rent commission has already obtained from the district rent office copies of the registrations of the 80 controlled apartments involved, has arranged for physical inspection of matter not disclosed in the registration statements (number of bathrooms) needed for recalculation under the revised rent decrease schedule, has issued a notice reopening the proceeding and that respondent's new final order will be issued shortly. It is the position of the intervenors-respondents that the district rent office orders of May 30, 1972 were proper when issued and should not be revised to intervenors-respondents' detriment because of a change in the rent decrease schedule which occurred while respondent had "inexcusably" delayed deciding the pending protest for a period of approximately three years. It would seem that respondent's delay in determining the protest was unreasonable as a matter of law and that to permit respondent at this time to issue an order under the new schedule would be "offensive to one's sense of fairness for [the landlord], having timely filed the necessary applications and engaged in a completely proper course of conduct under the pre-existing regulation, to be denied the benefit of the regulation then extant." (Matter of Amsterdam Manhattan Assoc. v Joy and Matter of Taleff Realty Corp. v Joy, 42 NY2d 941.) Therefore, appropriate disposition will best be served by granting leave to appeal under CPLR 5701 (subd [c]). The order entered January 25, 1977 which denied petitioner's motion to add Consolidated

---

* See subdivision b of section Y51-9.0 of the Administrative Code which provides that "Notwithstanding any provision of paragraph (1) of subdivision b of section 5701 of the civil practice law and rules to the contrary, any order of the court remitting the proceeding to the city rent agency may, at the election of the city rent agency, be subject to review by the appellate division of the supreme court and the court of appeals in the same manner and form and with the same effect as provided in the civil practice law and rules for appeals from a final order in a special proceeding." (Emphasis added.)

Edison as a party defendant is nonfinal (CPLR 5701, subd [b], par 1) and therefore is not appealable as of right under CPLR 5701 (subd [a]). Accordingly, the notices of appeal from said order are dismissed. Concur—Murphy, P. J., Lupiano, Birns, Silverman and Capozzoli, JJ.