Jennifer NEUJAHR, Relator,

v.

RAMSEY COUNTY CIVIL SERVICE
COMMISSION, Respondent.

No. C5–84–1959.

Court of Appeals of Minnesota.

July 2, 1985.

Kathleen M. Oates, Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, for relator.

Elaine Ashbaugh, Ramsey Co. Atty's Office, St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ.

## OPINION

POPOVICH, Chief Judge.

Relator appeals a decision by the Ramsey County Civil Service Commission which refused to reclassify her position and grant a retroactive pay remedy. Relator claims the Ramsey County retroactive pay policy does not prohibit payment of retroactive salary in this matter. Relator also claims the Commission acted arbitrarily and capriciously. We reverse and remand.

## FACTS

Relator was hired as a Financial Worker III by the Ramsey County Human Services Agency in 1974. She worked as an appeals processor until she was transferred to another position in December 1984. The positions she and a co-worker held as appeals processors have been abolished. The duties are now being handled by individual case workers and their supervisors.

The Ramsey County Civil Service Commission has an extensive procedure for employees to seek reclassification of an exist-

ing position or creation of a new position. The purpose of this reclassification system is to provide equitable pay scales for Ramsey County employees. The system is also designed to ensure equal pay for equal work.

In early 1983, a plan was developed to restructure the Community Services Department. This plan was a result of complaints received from the State of Minnesota about Ramsey County's appeals processing process. A study determined that a single appeals presenter with greater responsibilities would enhance the appeals handling process. Relator was a member of the task force which prepared the study.

In October 1983, relator and other appeals workers were informed they would be reassigned within the division. On October 13, 1983, relator submitted a reclassification request to the Ramsey County Civil Service Commission. Relator claimed her position was undercompensated and warranted classification higher than a Financial Worker III.

On the same day, the director of the Ramsey County Community Human Services Department submitted a request for the creation of a new appeals processor position. The position would require four years of college and two years of related experience. This position would receive a higher salary than relator's, but the position has never been budgeted or filled.

While the decision on relator's reclassification was pending, relator was reassigned from the Appeals Unit to the Adult Case Management Unit. During the same period, relator's supervisors in the Appeals Unit prepared reports indicating relator was not entitled to reclassification of her former position.

On March 26, 1984, the Ramsey County Board of Commissioners passed the following resolution:

RESOLVED, That the board of Ramsey County Commissioners hereby establishes the following policy pertaining to retroactive pay for county employees whose positions are reclassified:

1. Retroactive pay shall commence 90 days after the time the reclassification request is received by the Civil Service Department.

2. Application of this policy shall be limited to individuals who are employed by the county at the time the decision is made.

On April 13, 1984, the Civil Service Department denied relator's reclassification request because she had been transferred and her prior position abolished. On the same day, the Civil Service Department recommended an "Appeals Representative" classification for appeals work. As noted above, this position has never been budgeted or filled.

On August 16, 1984, relator requested a hearing concerning the Civil Service Department's refusal to consider her reclassification request. At the October 2, 1984 hearing before the Commission, relator presented uncontradicted testimony that another Ramsey County employee who submitted a reclassification request in 1983 received retroactive backpay after March 26, 1984. Relator requested the Commission to (1) render a decision on relator's reclassification request and (2) grant retroactive pay.

On October 9, 1984, the Commission issued a decision denying relator's request for reclassification. Since relator was transferred within 90 days of her reclassification request, the Commission determined relator's request was moot because the March 26 resolution would preclude relator from receiving retroactive pay. Appellant filed a petition for writ of certiorari with this court and a petition for review in the Ramsey County District Court on November 7, 1984.

## ISSUES

1. Does the court of appeals have jurisdiction to hear appeals from decisions of the Ramsey County Civil Service Commission?

2. Is a decision denying reclassification of employment reviewable?

3. Did the Ramsey County Civil Service Commission act arbitrarily and capriciously by denying relator's request for reclassification?

## ANALYSIS

1. Relator bases her appeal on jurisdiction provided by the Minnesota Administrative Procedure Act. *See* Minn.Stat. §§ 14.-63–.69 (1984). The Commission claims this court does not have jurisdiction to hear this appeal. It claims (1) appeals from its orders are to the district court pursuant to Minn.Stat. § 383A.29, subd. 15 (1984) and (2) the Commission is not a statewide agency falling within the purview of chapter 14. Having been fully briefed and argued before this court, we consider this matter on the merits.[1]

2. The Commission claims an order denying reclassification of employment is not subject to judicial review. It claims that in the absence of a specific statute or civil service rule authorizing an appeal, no appeal may be taken from its actions. No statute or civil service rule specifically authorizes an appeal from a reclassification decision.

■ Relator contends review is proper because the applicable statute and rules do not expressly address appeal of a reclassification decision. We agree.

There is a presumption in favor of judicial review of agency decisions in the absence of statutory language to the contrary.

*Minnesota Public Interest Research Group v. Minnesota Environmental Quality Council,* 306 Minn. 370, 376, 237 N.W.2d 375, 379 (1975). Preclusion of judicial review of administrative actions is not lightly inferred. The fact that a statute provides review of some acts is not sufficient to infer that other acts are not reviewable. *Id.* at n. 7, 237 N.W.2d at 379 n. 7.

■ The Commission has not overcome the presumption in favor of judicial review of administrative actions. The Commission's order refusing relator's reclassification is subject to judicial review.

■ 3. Relator claims the Commission was arbitrary and capricious when it ruled the March 1984 resolution applies retroactively to relator's October 1983 reclassification request. The March resolution prohibits retroactive salary for the first 90 days after a reclassification request is made. If the March resolution applies, it prohibits retroactive salary in this matter because relator was transferred to another position before the 90-day period expired.

We believe the Commission used the retroactive pay policy to avoid making a reasoned decision on relator's reclassification request. *See Amsterdam-Manhattan Associates v. Joy,* 42 N.Y.2d 941, 397 N.Y. S.2d 1000, 366 N.E.2d 1354 (1977). Thus, the Commission's decision represents its "will and not its judgment." *Beaty v. Minnesota Board of Teaching,* 354 N.W.2d 466, 471 (Minn.Ct.App.1984). Moreover, the record indicates another similarly situated employee was granted reclassification and retroactive backpay after March 1984.

> [W]here there is a combination of danger signals which suggest the agency has not taken a "hard look" at the salient problems and "has not genuinely engaged in reasoned decision-making" it is the duty of the court to intervene.

*Reserve Mining Company v. Herbst,* 256 N.W.2d 808, 825 (Minn.1977). Relator is entitled to full consideration of her reclassification request and retroactive backpay if she was entitled to reclassification.

## DECISION

The Commission was arbitrary and capricious when it applied the March 1984 retroactive pay policy to relator's October 1983 reclassification request. We remand to the Commission for a reasoned determination of whether relator should have been reclas-

---

1. This approach is consistent with our prior decisions and with recent legislative enactments. *E.g., Brandhorst v. Special School Dis-*

*trict No. 1,* 365 N.W.2d 383 (Minn.Ct.App.1985); 1985 Minn.Laws ch. 165.

sified. If so, she is entitled to retroactive backpay.

Reversed and remanded.

LANSING, Judge (dissenting).

I respectfully dissent on the issue of jurisdiction. The judicial review to which Jennifer Neujahr is entitled is before the district court under Minn.Stat. § 484.01 (1984), not before the Court of Appeals. *See, e.g., City of St. Paul v. Winger,* 368 N.W.2d 779 (Minn.Ct.App.1985) (decision of the St. Paul Civil Service Commission was appealed to the Ramsey County District Court under Minn.Stat. § 606 (1984)); *Miller v. City of St. Paul,* 363 N.W.2d 806 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Apr. 26, 1985) (decision of the St. Paul City Council was appealed to the Ramsey County District Court).

This court's jurisdiction is limited to "appellate jurisdiction over all courts, except the supreme court, and other appellate jurisdiction as prescribed by law." Minn. Const. art. VI, § 2. "By law" in this state's constitution means by legislative enactment. *See Clerk of Court's Compensation for Lyon County v. Lyon County Commissioners,* 308 Minn. 172, 174, 241 N.W.2d 781, 783 (1976). At the time Neujahr filed her petition for a writ of certiorari our jurisdiction statute confered jurisdiction to review administrative rules and decisions appealed from agencies having state-wide jurisdiction. *See* Minn.Stat. § 480A.06, subd. 4; § 14.02, subd. 2 (1984). It did not confer jurisdiction to hear appeals from county-wide agencies.

Effective May 21, 1985, the Minnesota Legislature enacted 1985 Minn.Laws ch. 165 (amending Minn.Stat. § 480A.06, subd. 3 (1984)), giving this court jurisdiction to issue writs of certiorari to "all agencies." This provision appears to grant jurisdiction to hear appeals from county-wide agencies when the writ was filed on or after May 21, 1984. *Cf.* 1982 Minn.Laws ch. 502, sec. 27 (transition provision for legislation establishing the Court of Appeals granted the court jurisdiction over cases in which the notice, petition, or writ was filed on or

after the effective date of the legislation). Because Neujahr filed her petition in November 1984, before chapter 165 granted this court jurisdiction over the case, review should properly have been before the district court.