**COUNTY OF RAMSEY, et al., Relators (C8–87–111) Respondents (C6–87–463),**

v.

**Jennifer NEUJAHR, Respondent (C8–87–111) Relator (C6–87–463),**

**Ramsey County Civil Service Commission, Respondent.**

**Nos. C8–87–111, C6–87–463.**

Court of Appeals of Minnesota.

July 14, 1987.

Review Denied Sept. 18, 1987.

Tom Foley, Ramsey Co. Atty., Elaine Ashbaugh, Asst. Ramsey Co. Atty., St. Paul, for Ramsey County et al.

Kathleen M. Oates, Larkin, Hoffman, Daley & Lindgren, Ltd., Bloomington, for Jennifer Neujahr.

John M. Sands, Ramsey County Civil Service Com'n, St. Paul, for Ramsey County Civil Service Com'n.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Ramsey County and the Ramsey County Community Human Services Department challenge the jurisdiction and factual bases for the Ramsey County Civil Service Commission's determination that respondent Jennifer Neujahr was entitled to reclassification and retroactive pay from 1974 to December 19, 1986. Neuhjahr contends the Ramsey County Civil Service Commission erred by denying her motion for pre-judgment interest on her retroactive pay award. We affirm in part and reverse in part.

## FACTS

Respondent Jennifer Neujahr was hired as a welfare appeals processor for Ramsey County in November 1974 and was classi-

fied as a Financial Worker III. She was responsible for processing appeals by welfare benefit recipients.

During 1983, a task force determined that the appeals process could be streamlined if welfare appeals were handled by a single appeals manager. The compensation level for that proposed position would have exceeded Neujahr's salary as a Financial Worker III. In October 1983, Neujahr requested that her position be reclassified to a position above the Financial Worker III level, claiming she was working "out of classification" and was undercompensated for the work she performed. In October 1984, the Ramsey County Civil Services Commission denied Neujahr's reclassification request and Neujahr appealed to this court.

In July 1985, this court remanded the case to the Civil Service Commission for a "reasoned determination" of Neujahr's reclassification request and retroactive pay claims. *See Neujahr v. Ramsey County Civil Service Commission*, 370 N.W.2d 446, 448–49 (Minn.Ct.App.1985). We concluded that Neujahr "is entitled to retroactive backpay" if she was entitled to reclassification. *Id.*

In June 1985, the personnel and civil service structure of Ramsey County government was modified by state statute. *See* Minn.Stat. §§ 383A.281–.41 (Supp. 1985). The former members of the Civil Service Commission now serve on the Personnel Review Board. *See id.* at § 383A.298. On April 22, 1986, this court ordered those former members of the Civil Service Commission to conduct a hearing on the matter and that "[Neujahr's] reclassification request shall be considered and determined under the laws and procedure in existence in October 1983, when the request was filed."

These members, after a series of hearings, found that Neujahr "has been acting out of her classification" since November 1974 and that her "highest classification during this time was that of a Financial Worker III." These members determined Neujahr's duties were not significantly different from the duties of Suzanne Prass, who was classified as Social Worker III, a higher classification than Neujahr's. Accordingly, the commissioners, now on the Personnel Review Board, concluded that "[Neujahr] is entitled to back-pay from November, 1974, to the present date based on the difference between her salary at that time and that of a Social Worker III's salary." The Civil Service Commission denied Neujahr's motion for prejudgment interest "because no judgment has been finally entered in this case and, therefore, interest is not appropriate."

Neujahr appeals from the denial of her motion for prejudgment interest. Ramsey County and the Ramsey County Community Human Services Department appeal from the order awarding Neujahr back-pay.

## ISSUES

1. Were the Civil Service Commission's determinations on reclassification and retroactive pay supported by substantial evidence?

2. Did the Civil Service Commission err by denying the respondent's motion for prejudgment interest on her retroactive pay award?

## ANALYSIS

Our review of cases under these circumstances is "quite narrow in scope." *State ex rel. McCarthy v. Civil Service Commission of Minneapolis*, 277 Minn. 358, 361, 152 N.W.2d 462, 464 (1967).

> The function of finding the facts rests with the [civil service] commission. * * Our only function * * * is to determine whether there is substantial evidence, considering the record as a whole, to sustain the findings of fact.

*Id.*

### 1. Reclassification

In light of the great deference reviewing courts must give administrative agencies, we find the record sufficiently supports the Civil Service Commission's findings and determination on the reclassification issue. *See State ex rel. Jenson v. Civil Service Commission of Minneapolis,*

268 Minn. 536, 538, 130 N.W.2d 143, 146 (1964), *cert. denied,* 380 U.S. 943, 85 S.Ct. 1023, 13 L.Ed.2d 962 (1965); *Minnesota Power & Light Co. v. Minnesota Public Utilities Commission,* 342 N.W.2d 324, 329 (Minn.1983). The record indicates that Neujahr was a knowledgeable and competent employee used as a resource person and instructor during her several years as an appeals processor; that Neujahr regularly interacted with supervisory-level personnel; and that the agency's own proposed appeals manager position largely reflected Neujahr's duties as an appeals processor. The compensation level for that proposed position exceeded Neujahr's salary as a Financial Worker III.

■ While we affirm the Commission's findings that Neujahr was working out of classification and should have been classified as a Social Worker III, we do not believe there is sufficient evidence in the record to support the Commission's determination that Neujahr is entitled to backpay from the time she started working for Ramsey County in November 1974.

In April 1986, this court ordered that "[Neujahr's] reclassification request shall be considered and determined under the laws and *procedures* in existence in October 1983, when the request [for retroactive pay and reclassification] was filed." (emphasis added).

In October 1983, when Neujahr requested reclassification, the County apparently adhered to a policy under which the Civil Service Department recommended retroactive payment "from the date the request for classification study was received by the Civil Service Department, or the date the duties were assigned by the employing department, which ever [sic] is later." Neujahr did not actually submit a request for reclassification until October 1983.

In our previous decision in this case we concluded that Neujahr is entitled to retroactive backpay if she was entitled to reclassification. *See Neujahr v. Ramsey County Civil Service Commission,* 370 N.W.2d 446, 449 (Minn.Ct.App.1985). Since we now conclude Neujahr was entitled to reclassification from October 1983 when she re-

quested a reclassification of her position, we conclude Neujahr also is entitled to backpay from October 1983.

### 2. Prejudgment Interest and Attorney Fees

■ State statute does allow prejudgment interest on judgments and verdicts. *See* Minn.Stat. § 549.09 (1986). However, section 549.09 does not apply in this case because there has been no "judgment" in this case. *Cf. Lucas v. American Family Mutual Insurance Co.,* 403 N.W.2d 646 (Minn.1987) (Minn.Stat. § 549.09 does not apply to arbitration awards because arbitration proceedings are not "judicial" proceedings within the meaning of the prejudgment interest statute).

■ Neujahr contends Minn.Stat. § 549.-21 (1986) requires an award for costs and attorney fees. Section 549.21 allows *courts* the discretion to award costs and attorney fees to parties. *See* Minn.Stat. § 549.21, subd. 2 (1986) ("upon the court's own motion, the court in its discretion may award * * * costs, disbursements, [and] reasonable attorney fees"). This case involves an administrative agency and not a court. The commission's denial of costs and attorney fees was proper. We also conclude that Neujahr is not entitled to attorney fees and costs from this court under Minn.Stat. § 549.21.

### DECISION

The Civil Service Commission's determinations that Neujahr's position should have been reclassified and that she is entitled to backpay are affirmed because there is substantial evidence in the record to support those determinations.

Neujahr is entitled to backpay only from the time she submitted a reclassification request in October 1983 because then-existing County policies precluded reclassification and retroactive pay prior to the time a reclassification request was received by the Civil Service Department.

The Civil Service Commission did not err by denying Neujahr's requests for prejudgment interest, costs, and attorney fees be-

cause a civil service proceeding is not a judicial proceeding within the meaning of Minn.Stat. §§ 549.09 and 549.21, subd. 2. Neujahr's request for attorney fees and costs under Minn.Stat. § 549.21 is denied.

Affirmed in part and reversed in part.