*359 OPINION OF THE COURT
Richard F. Braun, J.
This is a CPLR article 78 proceeding. Petitioner seeks a reversal of an order and opinion of respondent Division of Housing and Community Renewal (DHCR), and dismissal of the building-wide reduction of services complaint by several tenants to respondent DHCR. By stipulation, one tenant, Cecile Scholberle (Intervenor), was permitted to intervene in this proceeding. Respondent DHCR cross-moves to remit this proceeding to DHCR, but, if such relief is not granted, then said respondent requests an extension of not less than 20 days to answer the verified petition in this proceeding.
A court has the discretionary power to remit an article 78 proceeding against respondent DHCR to said respondent for its further consideration (see, Matter of 47 Clinton St. Co. v New York State Div. of Hous. & Community Renewal, 161 AD2d 402 [1st Dept 1990]; Matter of Schoenstein v McGoldrick, 279 App Div 395, 397 [1st Dept 1952]). Respondent DHCR asserts that this proceeding should be remitted so that said respondent can consider a DHCR interoffice memorandum (DHCR Memorandum), which petitioner supposedly raised in its petition for administrative review (PAR) supplement. Petitioner does not oppose the remission to respondent DHCR. Intervenor does on several grounds, one of which is discussed below. The others need not be addressed.
The initial complaint was filed with respondent DHCR on January 29, 1990. The complaint sought an order decreasing the rents of the tenants based on the alleged reduction in various services. Among other service reductions, the tenants claim that petitioner discontinued the basement storage space that petitioner had provided to them. Petitioner disputes that the tenants had authorization to use the space. On April 23, 1993, the Rent Administrator of respondent DHCR issued two orders reducing the rents of the complainants based on a finding of the discontinuance of storage service. On June 3, 1993, petitioner filed a PAR of the orders. On July 15, 1996, the order and opinion was promulgated denying petitioner’s PAR.
Between the date that the PAR was filed and determined, the DHCR Memorandum, dated November 10, 1995, was issued. It was entitled “score Processing of ‘De Minimis’ Issues”. The Memorandum states, in part:
“DHCR’s experience in processing tenants’ complaints of decreases in service has shown that some conditions com *360 plained of, although they may be found to exist, are ‘de minimis’ in nature and do not rise to the level of decreases in service. In order to promote consistency and efficiency in case processing, and to set some standards by which to assist in determining what constitutes a decrease in service, the attached list has been developed of conditions that may not constitute a decrease in service * * *
“All staff should familiarize themselves with the list and, when processing cases involving such issues, closely scrutinize the facts surrounding the conditions to determine their severity and the impact on tenants * * *
“As always, the intake staff should continue to screen complaints thoroughly, and complaints should be accepted only if they cite conditions which are appropriate for processing” (emphasis added).
The list of building-wide conditions referred to in the Memorandum includes among the 24 items: “20. Storage space, removal of, or reduction in — unless storage space service is provided for in a specific rider to the lease (not general clause in a standard form residential lease) or unless owner has provided to tenants formal storage boxes or bins within three years of the filing of a tenant’s complaint alleging an elimination or a reduction in storage space service”. Thus, the Memorandum demonstrates that it constituted the setting of new standards of review by respondent DHCR in its processing of complaints by tenants regarding the alleged decrease of services that had been provided to them by their landlords, including as to storage space.
The first contention of Intervenor is that this proceeding should not be remitted to respondent DHCR because application of the DHCR Memorandum under the circumstances would be in effect an ex post facto law. Intervenor is correct that it would be unfair for this court to permit a remission of this proceeding for respondent DHCR to reconsider petitioner’s PAR which was filed more than two years and five months before the DHCR Memorandum was promulgated (and the tenants’ initial complaint was filed almost six years prior to the DHCR Memorandum) (cf., Matter of Amsterdam-Manhattan Assocs. v Joy, 42 NY2d 941 [1977] [where it was held that it was unreasonable as a matter of law for the Office of Rent Control to impose a moratorium on the processing of landlords’ applications for electrical exclusion decrease orders for more than 15 months until new regulations came into effect rather than applying the regulations existing at the time that the ap *361 plications were filed]; Matter of Tenants Comm, of 425 E. 86 St. v Joy, 58 AD2d 797 [1st Dept 1977] [where a formal opinion granted leave to appeal from an order dismissing an article 78 proceeding challenging a protest order (the administrative appeal for rent-controlled apartments equivalent to a PAR for rent-stabilized apartments) and remitting the proceeding to the Rent Commission for further proceedings in order to consider a new rent schedule for issuing orders for rent decreases due to the elimination of electricity services to tenants, which schedule was promulgated about three years after the protest was filed]). The First Department, in Matter of Tenants Comm, stated (at 798): “It would seem that respondent’s delay in determining the protest was unreasonable as a matter of law and that to permit respondent at this time to issue an order under the new schedule would be ‘offensive to one’s sense of fairness for [the landlord], having timely filed the necessary applications and engaged in a completely proper course of conduct under the pre-existing regulation, to be denied the benefit of the regulation then extant.’ [Citation omitted.]”
For rent-stabilized apartments, a PAR generally should be determined within 90 days of its filing (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516; Rent Stabilization Code [9 NYCRR] § 2529.11])- For rent-controlled apartments, generally the same time period applies (New York City Rent and Rehabilitation Law [Administrative Code] § 26-410 [d]; New York City Rent and Eviction Regulations [9 NYCRR] § 2208.10 [a]).
It would be most inequitable to permit respondent DHCR to inefficiently take years to finally reach the point where it was going to determine a PAR and/or a protest and then apply standards enacted years after the filing of the PAR and/or protest, as is the situation here where respondent DHCR wants to have this proceeding remitted so that the standards enacted in the DHCR Memorandum can now be applied. Therefore, the branch of the cross motion seeking remission of this proceeding to respondent DHCR must be denied.
The part of the cross motion seeking an extension of time to answer the petition should be granted. Petitioner does not oppose that request, and Intervenor does not raise any specific grounds in opposing it. Respondent DHCR is wrong that it is entitled to answer the petition pursuant to CPLR 7804 (f) because respondent DHCR did not move to dismiss this proceeding or raise an objection in point of law in the cross motion. However, this court will exercise its discretion, pursuant *362 to CPLR 2004, and grant the extension sought (see, Matter of Glenbriar Co. v New York City Conciliation & Appeals Bd., 93 AD2d 510 [1st Dept 1983]).