■ SUNSHINE CHEMICAL CORP., Appellant, v COUNTY OF SUFFOLK et al., Respondents. — In a declaratory judgment action, *inter alia,* to declare Local Law No. 37 of the Local Laws of 1981 of the County of Suffolk invalid, plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Geiler, J.), dated December 29, 1983, which held that local law to be valid.

Judgment affirmed, with costs.

In 1971, the State Legislature passed and the Governor approved ECL 17, now ECL article 35, which regulates the distribution and sale of household cleansing products. ECL 35-0105

(subd 1) regulates the labeling of household cleansing products, and subdivision 2 of that section bans cleansing products which contain phosphorus compounds. ECL 35-0101 delineates the scope of ECL article 35. It states that "[b]y the enactment of this article the state fully exercises the exclusive right to regulate and control the labelling and ingredients of household cleansing products distributed, sold, offered, or exposed for sale in this state". The statute further states that "[i]n order to assure statewide uniformity, such regulation and control by any political subdivision of the state of such products is prohibited after June 25, 1971 *provided, however, that any such regulation and control in effect on June 1, 1971 shall be unaffected by this section*" (emphasis added).

Since the State statute expressly evidences an intent on the part of the Legislature to totally occupy the field of regulation of household cleansing product ingredients, local governments would ordinarily be preempted from passing laws dealing with the same subject matter (see *Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99; *People v De Jesus,* 54 NY2d 465; *Robin v Incorporated Vil. of Hempstead,* 30 NY2d 347; *Matter of Ames v Smoot,* 98 AD2d 216). Thus, plaintiff contends that defendant County of Suffolk had no power to enact Local Law No. 37, which amended Local Law No. 21 of the Local Laws of 1970, partially deregulating the county's ban on various ingredients in household cleansing products, including phosphates and alkyl benzene sulfonates. We do not agree.

ECL 35-0101 contains a grandfather clause which effectively exempts all local laws regulating the ingredients contained in household cleansing products which were in effect on June 1, 1971 from preemption. Suffolk County enacted Local Law No. 21 on November 23, 1970. Thus, the State statute did not preempt the Suffolk County law (see *Colgate-Palmolive Co. v Erie County,* 68 Misc 2d 704, affd 39 AD2d 641). Since the State law, by virtue of the grandfather clause, permitted the local law to remain in effect, the county was authorized to amend its local law, particularly since the amendment brings the local law more into conformity with the State law, a fact which is not in dispute. The local law, as amended, does not prohibit what the State law permits nor allows what the State law forbids. Therefore, it is not inconsistent with the State law (see *Wholesale Laundry Bd. of Trade v City of New York,* 17 AD2d 327, 329, affd 12 NY2d 998; *People v Lewis,* 295 NY 42).

Moreover, by specifically grandfathering the Suffolk County law, the State Legislature evidenced an intent not to occupy the field of regulation of household cleansing product ingredients

insofar as Suffolk County was concerned. Suffolk County was free to amend its law to be more in conformity with the State law (cf. *Monroe-Livingston Sanitary Landfill v Town of Caledonia,* 51 NY2d 679, in which the State Legislature enacted ECL article 27 regulating solid waste disposal but specifically permitted local legislation dealing with solid waste disposal in accordance with the minimum applicable requirements of the State law). The grandfather clause expressly granted to the county the power to amend its local law to be more in conformity with the State law (see *Jewish Consumptives' Relief Soc. v Town of Woodbury,* 230 App Div 228, 234, affd 256 NY 619). Therefore, the preemption doctrine is not applicable in this case.

Plaintiff further contends that ECL article 8, commonly known as SEQRA (State Environmental Quality Review Act), and the environmental conservation regulations (6 NYCRR 617.1 *et seq.*) were not strictly complied with because the County Executive, instead of the County Legislature, prepared the statement of written findings required by SEQRA (ECL 8-0109, subd 8; 6 NYCRR 617.9 [c] [3]), pursuant to section 5 of Local Law No. 23 of 1977 which implements SEQRA in Suffolk County. It is undisputed that the environmental review procedures mandated by SEQRA were followed and completed prior to the enactment of Local Law No. 37 (cf. *Devitt v Heimbach,* 89 AD2d 920). Plaintiff's argument stems from the fact that the Suffolk County Council on Environmental Quality, the agency responsible for implementing SEQRA, improperly designated the county instead of the County Legislature as the "lead agency" (ECL 8-0111, subd 6; 6 NYCRR 617.2 [g]).

In our view, the county, which is an "agency" pursuant to SEQRA (ECL 8-0105, subds 2, 3) was properly designated as the "lead agency" because it had the principal responsibility for approving the amendment to the local law (ECL 8-0111, subd 6; 6 NYCRR 617.2 [g]), through both the County Legislature, the body empowered to pass local laws, and the County Executive, who must approve local laws prior to their adoption (Suffolk County Charter, art II, §§ 202, 223). Consequently, SEQRA was not violated because the County Executive, rather than the County Legislature, made the required SEQRA findings (cf. *Glen Head — Glenwood Landing Civic Council v Town of Oyster Bay,* 88 AD2d 484, in which the town board improperly delegated all of its duties under SEQRA, including the duty to issue a written statement finding that SEQRA's requirements had been satisfied, to a town environmental quality review commission). Moreover, since each County Legislator was provided with a copy of both the County Executive's findings and a final

environmental impact statement, it cannot be said that the County Legislature failed to take "a hard look" at the relevant areas of environmental concern which the proposed local law would affect (see *Matter of Tehan v Scrivani,* 97 AD2d 769, 770; *Matter of Environmental Defense Fund v Flacke,* 96 AD2d 862; cf. *Glen Head — Glenwood Landing Civic Council v Town of Oyster Bay, supra*). Thompson, J. P., Bracken, Boyers and Lawrence, JJ., concur.