■ GERALD TAYNTOR, Doing Business as JERRY'S SANITATION SERVICE, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent New York State Department of Environmental Conservation (hereinafter the DEC) to grant the petitioner's application for a septage disposal permit, the petitioner ap-

peals from a judgment of the Supreme Court, Dutchess County (Cowhey, J.), dated September 3, 1985, which dismissed the proceeding on the merits, and an amended judgment of the same court, dated October 17, 1985, which also dismissed the proceeding.

Ordered that the appeal from the judgment is dismissed as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that the DEC is awarded one bill of costs.

The petitioner's contention that his application for a septage disposal permit must be deemed complete pursuant to ECL 70-0109 (1) (b) because the DEC failed to apprise him in writing of its incompleteness within 15 days is without merit. The record reveals that the DEC received the petitioner's permit application on August 2, 1983, and mailed to him a copy of a letter dated August 17, 1983, which informed him that the proposed project was classified as a Type 1 action under the New York State Environmental Quality Review Act (hereinafter SEQRA). The letter further provided that a review of the environmental ramifications of the proposed action pursuant to SEQRA would be necessary, that a "lead agency" would have to be designated for the purpose of conducting that review, and that the lead agency "will determine the need for an environmental impact statement (EIS) on this project". This letter notified the petitioner that further study of the proposed project was necessary and that additional submissions of materials by the petitioner would be required. Thus, the letter reasonably and adequately apprised the petitioner that his permit application could not be considered complete by the DEC until such time as a lead agency either (1) determined that the preparation of an environmental impact statement (hereinafter EIS) would be unnecessary or (2) requested, received and approved an EIS (see, ECL 70-0105 [2]). This conclusion is borne out by the fact that the petitioner continued to comply with DEC requests for additional information subsequent to his receipt of the aforementioned letter. Since that letter fell within the statutory 15-day time period, it constituted timely notice of incompleteness (see, ECL 70-0109 [1]).

In light of the foregoing, the petitioner's demand for a final decision on the permit application pursuant to ECL 70-0109 (3) (b) was premature. Moreover, even if the application was

deemed complete, the time limit within which the DEC was required to issue its decision was suspended during the pendency of the environmental review being conducted by the Zoning Board of Appeals of the Town of Unionvale (hereinafter the board) (see, ECL 70-0109 [4]; see generally, Matter of Bio-Tech Mills v Williams, 105 AD2d 301, affd 65 NY2d 855; Matter of Sun Beach Real Estate Dev. Corp. v Anderson, 98 AD2d 367, affd 62 NY2d 965). In this regard, we note that the designation of the board as lead agency was proper, since the board indicated that it had approval power over the proposed spreading of septage pursuant to the zoning ordinance of the Town of Unionvale, and it clearly was the agency most concerned with the primarily local impacts of the proposed action (see, ECL 8-0111 [6]; 6 NYCRR 617.2 [q]; 617.6 [d] [1]). The mere fact that the petitioner has not as yet sought zoning approval of the project from the board does not render invalid the designation of that body as the lead agency, for the record indicates that the board possesses the authority, pursuant to the zoning ordinance, to approve of the proposed spreading of septage upon real property situated within the town, regardless of whether the petitioner actually seeks such approval. The petitioner's reliance upon Matter of Town of Poughkeepsie v Flacke (84 AD2d 1, lv denied 57 NY2d 602) is misplaced, as that decision merely states the principle that, absent a contrary expression by the Legislature, local zoning decisions are distinct from and do not affect substantive determinations rendered by the DEC with respect to permit applications. The case does not prohibit the DEC from consulting local zoning bodies in order to determine which agency should be designated the lead agency for the purpose of conducting an environmental review of a given project pursuant to SEQRA. Consequently, we discern no error in the designation of the board as lead agency in this case (see generally, Sunshine Chem. Corp. v County of Suffolk, 104 AD2d 869, lv denied 64 NY2d 604, appeal dismissed 64 NY2d 775; Matter of Harley Rendezvous v Town of Duanesburg Zoning Bd. of Appeals, 131 Misc 2d 1060). We also find significant the fact that the petitioner acquiesced in the board's role as lead agency for a lengthy duration and only challenged its designation as such after the board found the petitioner's engineering report and site plans to be materially deficient.

We have considered the petitioner's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.