■ In the Matter of OVILA BIBEAU et al., Appellants, v VILLAGE CLERK OF THE VILLAGE OF TUXEDO PARK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to

compel the Clerk of the Village of Tuxedo Park to issue a certificate in accordance with Village Law § 7-728 deeming the petitioners' plat approved as final by default stemming from the failure of the Planning Board of the Village of Tuxedo Park to take action on an application for approval of that plat within the statutorily prescribed 60-day period, the appeal is from a judgment of the Supreme Court, Orange County (Ritter, J.), dated June 30, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners' contention that they are entitled by default to final approval of a plat submitted to the Planning Board of the Village of Tuxedo Park because the Planning Board failed to act within the 60-day period prescribed by Village Law § 7-728 (1) is without merit. An application for final plat approval is not deemed complete until a draft environmental impact statement (hereinafter DEIS) has been dispensed with or accepted and the statutorily prescribed 60-day period does not commence to run until the application is complete *(see, Matter of Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367, 376, *affd* 62 NY2d 965). The record reveals that upon remittitur to the Planning Board from the Supreme Court following an earlier proceeding, the Planning Board issued a positive declaration, i.e., that the proposed subdivision might significantly affect the environment, and required that a DEIS be submitted. The petitioners have not yet submitted the DEIS and, therefore, his demand for final plat approval by default was premature *(cf., Tayntor v New York State Dept. of Envtl. Conservation,* 130 AD2d 571).

We further hold that the petitioners are not entitled to have their application "grandfathered" so as to avoid the adverse impact of the amended zoning law requiring a four-acre minimum lot size. As a general rule, an appellate court must apply the law as it exists at the time of its decision unless "special facts" are present to demonstrate that the municipality acted in bad faith and unduly delayed acting upon an application while the zoning law was changed *(see, Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 64 NY2d 921; *Matter of Pokoik v Silsdorf,* 40 NY2d 769; *Matter of Triangle Inn v Lo Grande,* 124 AD2d 737, 739). Upon this record, the "special facts" exception has not been established so as to entitle the petitioners to equitable relief. Although the Planning Board had initially offered to treat the petitioners' application as grandfathered because it had been submitted prior to the moratorium period in effect for 10 months until the recent zoning amendment was adopted, the

petitioners failed to take any action during the moratorium period to complete the DEIS and thereby complete their application for final plat approval prior to the effective date of the zoning amendment. Thus, there is no basis for holding that the petitioners acquired a vested right to have the law in effect at the time of their initial application control the final plat approval. Mollen, P. J., Thompson, Rubin and Eiber, JJ., concur.