■ MICHELE ROCCO, Respondent, v CITY OF MOUNT VERNON et al., Appellants.—In an action, inter alia, for a judgment declaring that the amendment to City of Mount Vernon Zoning Ordinance chapter 267, enacted January 27, 1988, is arbitrary, capricious, illegal and an unconstitutional deprivation of property rights, the defendants appeal from an order of the Supreme Court, Westchester County (Buell, J.), dated December 15, 1988, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the amendment is not arbitrary, capricious, illegal or an unconstitutional deprivation of property rights.

The plaintiff is the owner of certain unimproved property

located in a "B-2 Neighborhood Business District" in the City of Mount Vernon. In August of 1986 he filed an application with the city for permission to erect two 24-room motels. At the time of the application, various commercial uses as of right were permitted in this district, including motels. After it was submitted, the plaintiff was notified by the city that the proposed plan violated several provisions of the City of Mount Vernon Zoning Ordinance. Although some attempts were made by the plaintiff to rectify the situation, the plan was never filed in accordance with the ordinance. Subsequently, in January 1988 the city amended the ordinance, and as a result, motels are no longer permitted in this zoning district. The plaintiff thereafter commenced the instant action challenging the propriety of this amendment. We agree with the defendant that there are no issues of fact in need of determination, and accordingly find that the Supreme Court erred in denying its motion for summary judgment dismissing the complaint.

Generally, an appellate court must apply the law as it exists at the time of its decision unless "special facts" are present indicating that the municipality acted in bad faith and unduly delayed acting upon an application while the zoning law was changed (see, Matter of Alscot Investing Corp. v Board of Trustees, 64 NY2d 921; Matter of Pokoik v Silsdorf, 40 NY2d 769; Matter of Bibeau v Village Clerk of Vil. of Tuxedo Park, 145 AD2d 478). Contrary to the plaintiff's contentions, we find no evidence of bad faith or undue delay. Here, the denial of the permit was due solely to the fact that the proposed plan did not meet the requirements of the applicable provisions of the code. Moreover, we find unpersuasive the plaintiff's argument that he had a "vested right" to develop the property as a hotel (see, McGowan v Cohalan, 41 NY2d 434). Since the plaintiff did not produce any proof indicating the existence of material questions of fact (see, Zuckerman v City of New York, 49 NY2d 557), the defendants' motion for summary judgment should have been granted.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the City of Mount Vernon rather than dismissal of the complaint (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901). Mangano, P. J., Thompson, Bracken and Eiber, JJ., concur.