■ FOURTH STREET ASSOCIATES OF GARDEN CITY et al., Appellants, v INCORPORATED VILLAGE OF GARDEN CITY et al., Respondents.—In an action for a judgment declaring Local Laws, 1984, No. 1 of the Incorporated Village of Garden City to be void and unenforceable, and for related relief, the plaintiffs appeal from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Molloy, J.), dated December 4, 1985, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order and judgment (one paper) is modified, on the law, by adding thereto a provision declaring that Local Laws, 1984, No. 1 of the Incorporated Village of Garden City is valid and enforceable; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the respondents.

Pursuant to Local Laws, 1984, No. 1 of the Incorporated Village of Garden City, restaurants were excluded from districts zoned as commercial LC-2. The plaintiffs own property in a commercial LC-2 district and seek permission to operate a restaurant. In an effort to obtain such permission, they commenced (1) the present declaratory judgment action, in which they challenge the facial validity of this local law, and (2) a related proceeding pursuant to CPLR article 78, in which they contend that they are entitled to operate their premises as a restaurant because the defendants intentionally delayed the issuance of a building permit until after the local law had been enacted (see, Matter of Fourth St. Assocs. v Building Div. & Bur. of Fire Prevention, 168 AD2d 618 [decided herewith]).

The Supreme Court correctly concluded that the affidavits and other papers submitted by the plaintiffs in opposition to the defendants' motion for summary judgment failed to overcome the presumption that the local law in question represents a valid exercise of the village's police powers (see generally, Matter of Town of Bedford v Village of Mount Kisco, 33 NY2d 178; Levitt v Incorporated Vil. of Sands Point, 6 NY2d 269; Coutant v Town of Poughkeepsie, 69 AD2d 506). Also, we agree that no issue of fact exists as to whether the law was adopted in a manner consistent with the village's "Development Plan", adopted in 1971. We modify the order and judgment under review only so as to make the appropriate declaration (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901). Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.