■ In the Matter of FOURTH STREET ASSOCIATES OF GARDEN CITY et al., Appellants-Respondents, v BUILDING DIVISION AND BUREAU OF FIRE PREVENTION OF THE INCORPORATED VILLAGE OF GARDEN CITY et al., Respondents-Appellants.—In a proceeding pursuant to CPLR article 78 to compel the issuance of a building permit, and for related relief, (1) the petitioners appeal from an order and judgment (one paper) of the Su-

preme Court, Nassau County (Molloy, J.), entered December 11, 1985, which, *inter alia,* granted the respondents-appellants' motion for summary judgment dismissing the petition, and (2) the Building Division and Bureau of Fire Prevention of the Incorporated Village of Garden City, and Michael D. Filippon, Building Inspector, appeal from a judgment of the same court, entered April 20, 1988, which, upon an order dated August 28, 1986, granting the petitioners' motion for renewal and reargument, and, in effect, vacating the judgment entered December 11, 1985, and upon a jury verdict, granted the petition and directed the issuance of the building permit.

Ordered that the appeal from the judgment entered December 11, 1985, is dismissed, as that judgment was superseded by the judgment entered April 20, 1988; it is further,

Ordered that the judgment entered April 20, 1988, is reversed, on the law, and the proceeding is dismissed; and it is further,

Ordered that the respondents-appellants are awarded one bill of costs.

In a related appeal *(Fourth St. Assocs. v Incorporated Vil. of Garden City,* 168 AD2d 603 [decided herewith]) we have upheld the validity of Local Laws, 1984, No. 1 of the Incorporated Village of Garden City. In the present proceeding, we reject the petitioners' argument that they had acquired a "vested right" to operate a restaurant under the law as it existed previously, as well as the argument that the respondents-appellants acted in bad faith in preventing them from acquiring a "vested right", and in deliberately delaying determination of their application for a building permit. The evidence adduced by the petitioners at the trial was legally insufficient to warrant a finding that the respondents-appellants were guilty of "malice, oppression, manipulation or corruption" *(Matter of Aversano v Two Family Use Bd.,* 117 AD2d 665, 667) in their processing of the petitioners' application. The petitioners' application must, therefore, be reviewed under existing, rather than preexisting law *(see also, Rocco v City of Mount Vernon,* 160 AD2d 863; *Matter of McDonald's Corp. v Village of Elmsford,* 156 AD2d 687; *Matter of Bibeau v Village Clerk of Vil. of Tuxedo Park,* 145 AD2d 478; *cf., Matter Pokoik v Silsdorf,* 40 NY2d 769; *see also,* 2 Anderson, New York Zoning Law and Practice § 26.23, at 409-410 [3d ed]). Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.