■ In the Matter of VALERIE WIEHE, as Administratrix of the Estate of GEORGE WIEHE, Deceased, et al., Respondents-Appellants, v TOWN OF BABYLON et al., Appellants-Respondents. (Matter No. 1.) VALERIE WIEHE, as Administratrix of the Estate of GEORGE WIEHE, Deceased, et al., Respondents-Appellants, v TOWN OF BABYLON et al., Appellants-Respondents. (Matter No. 2.)—In a consolidated proceeding pursuant to CPLR article 78 to compel the issuance of a building permit and action for a judgment declaring invalid a resolution changing the zoning classification of the subject premises from Business "E" to Residential "D", the municipal parties appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Brown, J.), entered June 2, 1988, as, after a nonjury trial, granted the petition in the proceeding pursuant to CPLR article 78, and the petitioners-plaintiffs have filed a notice of cross appeal from the judgment.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the facts, and the petition is dismissed; and it is further,

Ordered that the appellants-respondents are awarded one bill of costs.

After a trial without a jury, the Supreme Court declared that the newly-enacted zoning ordinance challenged by the petitioners-plaintiffs was constitutional, but nevertheless granted the petition in the CPLR article 78 proceeding on the ground that that ordinance could not properly be applied to this case. We disagree with this determination.

In general, the courts must apply a local government's

zoning ordinance as it exists at the time of judicial review, unless there is proof of "special facts" which indicate that the local government acted in bad faith in delaying a landowner's application for a building permit while the zoning law was changed *(see, Matter of Pokoik v Silsdorf,* 40 NY2d 769; *Rocco v City of Mount Vernon,* 160 AD2d 863; *Matter of McDonald's Corp. v Village of Elmsford,* 156 AD2d 687; *Matter of Bibeau v Village Clerk of Vil. of Tuxedo Park,* 145 AD2d 478; 2 Anderson, New York Zoning Law and Practice § 26.23, at 409-410 [3d ed]). In the present case, the evidence establishes that the delay in processing the plaintiffs-petitioners' application was attributable to legitimate circumstances, rather than to "malice, oppression, manipulation or corruption" *(Matter of Aversano v Two Family Use Bd.,* 117 AD2d 665, 667; *cf., Matter of Pokoik v Silsdorf, supra).* The Supreme Court's finding of fact to the contrary is against the weight of the evidence, and we therefore conclude that the judgment must be reversed insofar as appealed from, and that the petition in the CPLR article 78 proceeding must be dismissed. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.