■ In the Matter of DOUGLAS MILLER et al., Respondents, v SOUTHOLD TOWN et al., Appellants, et al., Respondent.—In a proceeding pursuant to CPLR article 78 to review a determi-

nation of the respondent Southold Town Planning Board dated June 7, 1989, which, *inter alia,* issued a positive declaration pursuant to the New York State Environmental Quality Review Act, Southold Town and the Southold Town Planning Board appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered October 26, 1990, which, *inter alia,* annulled the determination and directed the Southold Town Planning Board to give immediate consideration to the petitioners' subdivision proposal separate and apart from other subdivision proposals in the area.

Ordered that the judgment is affirmed, with costs.

The Supreme Court annulled the determination of environmental significance by the Southold Town Planning Board based upon an interpretation of the 1987 New York State Environmental Quality Review Act (hereinafter SEQRA) regulations *(see,* 6 NYCRR 617.1 *et seq.).* The Southold Town Planning Board now claims that the court should have applied the 1978 regulations, and that they were never properly notified, pursuant to those regulations, of a determination made by the New York State Department of Environmental Conservation. We note, however, that the contentions of the Southold Town Planning Board regarding the application of the 1978 SEQRA regulations were not raised in the Supreme Court, and we decline to review them in the first instance *(see generally,* 11 Carmody-Wait 2d, Appeals to Appellate Division § 72:126, at 294). Further, the Town Planning Board does not challenge the court's interpretation of the 1987 regulations.

The Supreme Court properly directed the Planning Board not to exclude wetland areas from the calculation of lot sizes in its consideration of the petitioners' subdivision application. In January 1989 Southold Town amended its Zoning Code to mandate the exclusion of land under water from calculations of minimum lot areas *(see,* Southold Town Zoning Code § 100-239). We acknowledge the principle that generally a case must be decided upon the law as it exists at the time of the decision *(see, Matter of McDonald's Corp. v Village of Elmsford,* 156 AD2d 687, 688; *Matter of Pokoik v Silsdorf,* 40 NY2d 769, 772). However, this case fits into the "special facts exception". The petitioners demonstrated that on or about June 1987 when they asked the Planning Board to reconsider their subdivision application, they were entitled to have the wetland portions of their parcel included in the calculation of lot sizes. Despite repeated requests, the Planning Board took no action on the application. The Planning Board improperly delayed reviewing the application and presented unsatisfac-

tory reasons for the delay, resulting in the disregard of petitioners' rights. The Planning Board was therefore properly precluded from relying on the new law *(see, Matter of Pokoik v Silsdorf, supra; Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 64 NY2d 921).

We have reviewed the remaining contention that costs were improperly awarded to the petitioners, and find it to be without merit *(see,* Town Law § 282). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.