■ FIGGIE INTERNATIONAL, INC., Appellant, v TOWN OF HUNTINGTON et al., Respondents. [610 NYS2d 563] —In an action for a judgment declaring that a site plan is deemed approved and directing the Town of Huntington to issue a building permit, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Oshrin, J.), entered January 3, 1992, which, inter alia, declared that the "site plan should not be deemed approved because of the failure of the Planning Board to act within forty-five days of the application".

Ordered that the order and judgment is reversed, on the law and facts, with costs, it is declared that the site plan is deemed approved, and the Building Inspector for the Town of Huntington is directed to consider the plaintiff's application for a building permit based on the zoning law as it existed prior to the amendment of January 27, 1985.

The plaintiff owns a 25-acre-parcel in the Town of Huntington (hereinafter the Town) which had been zoned light industrial since 1955. In 1984 the plaintiff planned to subdivide the property and sell approximately 13.1 acres to a real estate developer who planned to erect an office building. The record reveals that as a result of community opposition to the subdivision plan the Town Board took steps to rezone the property from light industrial to residential. In light of the impending rezoning, the plans to subdivide the property were abandoned and the plaintiff decided to expand the existing building which was located on the site. A site plan was submitted to the Town Planning Board on May 15, 1984. On May 17, 1984, Harold Letson, the Director of the Department of Planning of the

Town of Huntington (hereinafter the Planning Director), sent a letter to the plaintiff rejecting the site plan because the proposed additions to the existing building did not conform to the zoning requirements. On June 1, 1984, an employee of the engineering firm which prepared the May 15th site plan attempted to submit a revised site plan to the Planning Board, but was informed by Mr. Letson that the plan would not be accepted for review because the property was being rezoned. Letson disputed that he made this statement, although he could not recall the actual conversation. The plaintiff's property was rezoned residential effective January 27, 1985.

The plaintiff commenced this action in September 1984 seeking a declaration that its June 1, 1984 site plan be deemed approved because the Planning Board failed to act within the 45-day-period provided for in the Huntington Town Code § 198-116. Furthermore, although the property was not actually rezoned until after the date the action was commenced, the plaintiff was aware that the rezoning process had begun and was likely to be finalized before a trial of the action. Thus, the plaintiff claimed that it was entitled to a building permit because it had acquired a vested interest in the industrial zoning prior to the date the property was rezoned. After a trial, the Supreme Court held, *inter alia,* that (1) the 45-day-review period had not begun to run since the site plan application was not complete when it was submitted on June 1, 1984, (2) Mr. Letson had legitimately determined that the proposed additions violated the Town's zoning laws, and (3) the plaintiff had not acquired a vested interest in the industrial zoning since there was no evidence that the Planning Board acted in bad faith.

Review of the record leads us to the conclusion that the site plan must be deemed approved because the Planning Board failed to act on the plan within 45 days. Furthermore, we are convinced that the Planning Board's failure to act was a bad faith attempt to delay the plaintiff's development of the property during the rezoning process.

The record reveals that the Planning Director refused to accept the site plan for review because it did not comply with the Town's zoning ordinances. However, Huntington Town Code § 198-116 authorizes only the Planning Board to act on site plans. Thus, the action of the Planning Director was improper since he was without authority to disapprove a site plan *(see, Nemeroff Realty Corp. v Kerr,* 38 AD2d 437, *affd* 32 NY2d 873). Furthermore, a planning board is without power to "deny site plan approval on the ground that the proposed

use is not permitted under the zoning ordinance because the power to interpret the zoning ordinance is vested in the building inspector and the Zoning Board of Appeals" *(Moriarty v Planning Bd.,* 119 AD2d 188, 197). At trial Letson testified that he also rejected the site plan because it did not contain a full-dimensioned building plan. However, Huntington Town Code § 198-116 (B) which sets forth the information which must be included in a site plan application does not require the submission of a "full dimensioned" building plan.

We reject the Supreme Court's conclusion that the 45-day-period set forth in Huntington Town Code § 198-116 had not begun to run since the site plan application was not complete until the Planning Board determined whether a Draft Environmental Impact Statement (DEIS) was required *(see, Matter of Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367, *affd* 62 NY2d 965). In *Matter of Sun Beach Real Estate Dev. Corp. v Anderson (supra)* we stated that if a Planning Board determined that a DEIS was necessary, the 45-day-period did not commence until the DEIS was accepted *(Matter of Sun Beach Real Estate Dev. Corp. v Anderson, supra,* at 368, 376). In the case before us, however, the Planning Board never determined that a DEIS was required. Thus, the site plan must be deemed approved because of the Planning Board's complete failure to act on the site plan within 45 days.

We also agree with the plaintiff that it is entitled to application of the zoning law as it existed prior to the amendment of January 1985. Generally, "courts must apply a local government's zoning ordinance as it exists at the time of judicial review, unless there is proof of 'special facts' which indicate that the local government acted in bad faith in delaying a landowner's application for a building permit while the zoning law was changed" *(Matter of Wiehe v Town of Babylon,* 169 AD2d 728, 729; *see also, Matter of Pokoik v Silsdorf,* 40 NY2d 769, 772-773; *Matter of Fourth St. Assocs. v Building Div. & Bur. of Fire Prevention,* 168 AD2d 618; *Matter of Aversano v Two Family Use Bd.,* 117 AD2d 665). The landowner must demonstrate, however, that he was "entitled to the permit as a matter of right by full compliance with the requirements at the time of the application and that proper action upon the permit would have given him time to acquire a vested right" *(Matter of Pokoik v Silsdorf, supra,* at 773). We conclude that the Town's failure to act on the site plan was designed to prevent the plaintiff from developing his property prior to the effective date of rezoning. As such the Planning Board acted in bad faith. The record also reveals that had the site plan

been acted upon in a timely manner and a building permit ultimately granted, the plaintiff could have commenced substantial work on the project prior to January 27, 1985. Under those circumstances the plaintiff would have acquired a vested right in the industrial classification *(see, Matter of Pokoik v Silsdorf, supra; Matter of Wiehe v Town of Babylon, supra; Matter of Fourth St. Assocs. v Building Div. & Bur. of Fire Prevention, supra; Matter of Aversano v Two Family Use Bd., supra).*

Because site plan approval was a prerequisite to a building permit application, however, no such application was made in this case *(cf., Matter of Pokoik v Silsdorf, supra).* We therefore remit the matter to the Town Building Inspector for consideration of the plaintiff's building permit application based on the zoning law as it existed prior to the January 1985 amendment. Balletta, J. P., Ritter, Copertino and Goldstein, JJ., concur.