■ In the Matter of HOME DEPOT U.S.A., INC., et al., Appellants, v VILLAGE OF ROCKVILLE CENTRE et al., Respondents. [743 NYS2d 541] —In a hybrid proceeding pursuant to CPLR article 78, inter alia, to compel the Village of Rockville Centre Superintendent of Buildings to issue a building permit for the construction of a commercial retail store, and an action for a judgment declaring that the petitioners' building permit application was not subject to review under the Village of Rock-

ville Centre Zoning Code as amended in February 2001, the petitioners appeal from (1) an order of the Supreme Court, Nassau County (DeMaro, J.), dated June 20, 2001, which denied the petition, and (2) a judgment of the same court, dated July 23, 2001, which dismissed the petition.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified by adding a provision thereto declaring that the petitioners' building permit application was subject to review under the Village of Rockville Centre Zoning Code as amended in February 2001; as so modified, the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The petitioner Home Depot U.S.A., Inc. (hereinafter Home Depot), purchased from the petitioner Darby Group, Inc., a seven-acre parcel of property located in the Village of Rockville Centre, and developed with a structure of approximately 163,000 square feet. Home Depot intended to develop a Home Depot retail building supply store of approximately 136,000 square feet on the site. In June 2000, Home Depot submitted a building application permit to the Village of Rockville Centre Buildings Department (hereinafter the Buildings Department) for its proposed development of the retail store, which was a lawful use under the zoning law (*see* Village of Rockville Centre Code § 134-90 [B]). The site plan submitted by Home Depot to the Buildings Department proposed, inter alia, that Home Depot acquire a portion of a public street for its private use. Accordingly, the Superintendent of Buildings informed Home Depot that it would be required to submit, inter alia, a traffic study which provided sufficient information for the Village to determine whether the development as proposed was an appropriate and desirable development use within the Village.

In 2000 when Home Depot submitted its building permit application, the Rockville Centre Zoning Code did not provide for specific procedures pursuant to which the Buildings Department must conduct its initial review of building permit applications. In November 1998, however, the Village had begun a process to review proposed amendments to the zoning code which would provide for such review procedures. The

amendments were enacted by the Village in February 2001 before the review of Home Depot's building permit application was completed, and the Village informed Home Depot that its application would be subjected to further review based upon the newly enacted amendments. Home Depot commenced this proceeding, inter alia, to compel the Village to issue a building permit to which, it claimed, it was entitled as of right under the prior zoning law.

While the matter was pending before the Supreme Court, the Village enacted, as permitted by its zoning law (Village of Rockville Centre Code § 134-125), a six-month moratorium on the issuance of any building permits for the development of commercial property uses occupying a gross floor area of 40,000 square feet or more. That moratorium was extended an additional six months, and was to remain effective until June 3, 2002. The Supreme Court denied Home Depot's petition on the ground, among others, that the moratorium prevented the issuance of any building permits.

Generally, courts must apply a local government's zoning ordinance as it exists at the time of judicial review, unless there is proof of special facts which indicate that the local government acted in bad faith in delaying a landowner's application for a building permit while the zoning law was changed (*see Matter of Pokoik v Silsdorf,* 40 NY2d 769, 772-773; *Matter of Wiehe v Town of Babylon,* 169 AD2d 728). Here, Home Depot contends that the Village acted in bad faith and unduly delayed the processing of its application for a building permit until the zoning ordinance had been amended, and the moratorium enacted.

It is clear that the moratorium was not imposed in bad faith, but rather, was a valid exercise of police power and a legitimate response to the uncertainty created by, inter alia, Home Depot's challenge to the application of the zoning ordinance amendments to pending building permit applications (*see Matter of Charles v Diamond,* 41 NY2d 318; *Matter of Belle Harbor Realty Corp. v Kerr,* 35 NY2d 507, 512; *Matter of McDonald's Corp. v Village of Elmsford,* 156 AD2d 687).

Similarly, there is no evidence in this record that the Village delayed in processing Home Depot's application until the zoning ordinance had been amended (*see Matter of Calverton Indus. v Town of Riverhead,* 278 AD2d 319; *Matter of Wiehe v Town of Babylon, supra*). Instead, the proposed amendments were under review for more than one year before Home Depot submitted its application. Furthermore, since Home Depot's initial site plan proposed that the Village abandon the use of a

portion of a public street, the determination to issue a building permit was a matter of discretion, subject to review under, inter alia, statutory law (*see* Village Law § 6-612). Any delays in processing the application were, therefore, attributable to legitimate circumstances, rather than to "malice, oppression, manipulation or corruption" (*Matter of Aversano v Two Family Use Bd. of Town of Babylon,* 117 AD2d 665, 667). Accordingly, there are no special facts which would warrant an exception to the general rule (*see Matter of Calverton Indus. v Town of Riverhead, supra* at 320).

The appellants' remaining contentions are without merit.

We note that since this is in part a declaratory judgment action, the Supreme Court should have made a declaration in favor of the respondents (*see Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Altman, J.P., S. Miller, Schmidt and Adams, JJ., concur.