■ In the Matter of SALVATORE LUCREZIA et al., Appellants, v BOARD OF APPEALS OF TOWN OF HAVERSTRAW et al., Respondents. [769 NYS2d 397]—

In a proceeding pursuant to CPLR article 78 , inter alia, to review a determination of the respondent Board of Appeals of the Town of Haverstraw dated March 13, 2002, which, after a hearing, denied the petitioner's application for multiple area variances, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Nelson, J.), dated August 20, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

A court will apply the zoning ordinance currently in existence at the time a decision is rendered unless "special facts" are present to demonstrate that the municipality acted in bad faith and unduly delayed acting upon an application while the zoning law was being changed (*Matter of Pokoik v Silsdorf*, 40 NY2d 769 [1976]; *Matter of Sexton v Zoning Bd. of Appeals of Town of Oyster Bay*, 300 AD2d 494, 496 [2002]). Contrary to the appellants' contention, there are no special facts in this case that would warrant an exception to the general rule (*see Matter of*

*Home Depot U.S.A. v Village of Rockville Ctr.,* 295 AD2d 426, 428 [2002]; *Wiehe v Town of Babylon,* 169 AD2d 728, 729 [1991]; *cf. Matter of Miller v Southold Town,* 190 AD2d 672 [1993]; *Matter of Huntington Ready-Mix Concrete v Town of Southampton,* 112 AD2d 161, 162-163 [1985]).

The appellants' remaining contentions are without merit. Smith, J.P., Luciano, H. Miller and Townes, JJ., concur.