■ In the Matter of CATHERINE GREENE et al., Appellants, v ZONING BOARD OF APPEALS OF TOWN OF ISLIP, Respondents. [806 NYS2d 880]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Islip dated July 9, 2002, which, after a hearing, denied the petitioners' application for a certificate of nonconforming use, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated August 6, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

A court will apply the zoning ordinance currently in existence at the time a decision is rendered unless "special facts" are present to demonstrate that the municipality acted in bad faith and unduly delayed acting upon an application while the zoning law was being changed (*Matter of Pokoik v Silsdorf,* 40 NY2d

769 [1976]; *see Matter of Sexton v Zoning Bd. of Appeals of Town of Oyster Bay*, 300 AD2d 494, 496 [2002]). Contrary to the appellants' contention, there are no special facts in this case that would warrant an exception to the general rule (*see Matter of Lucrezia v Board of Appeals of Town of Haverstraw*, 2 AD3d 861 [2003]; *Matter of Home Depot U.S.A. v Village of Rockville Ctr.*, 295 AD2d 426, 428 [2002]).

Accordingly, the respondents' determination that the appellants failed to establish a nonconforming use was rational and not arbitrary and capricious. Schmidt, J.P., Mastro, Spolzino and Covello, JJ., concur.