■ In the Matter of RANEE DENTON, Appellant, v TOWN OF BROOKHAVEN et al., Respondents. [819 NYS2d 547]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town Board of the Town of Brookhaven granting the petitioner hardship relief subject to certain conditions, and seeking to compel the Planning Board of the Town of Brookhaven to approve a site plan application for Moriches Self-Storage (Exit 59), and to compel the Building Department of the Town of Brookhaven to issue a building permit, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Loughlin, J.), dated March 18, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Generally, "[a] court will apply the zoning ordinance currently in existence at the time a decision is rendered unless 'special facts' are present to demonstrate that the municipality acted in bad faith and unduly delayed acting upon an applica-

tion while the zoning law was being changed . . . [T]here are no special facts in this case that would warrant an exception to the general rule" (*Matter of Greene v Zoning Bd. of Appeals of Town of Islip,* 25 AD3d 612, 612-613 [2006], quoting *Matter of Pokoik v Silsdorf,* 40 NY2d 769 [1976]). In addition, pursuant to Brookhaven Town Code § 85-30 (A) (3), the Board of Zoning Appeals of the Town of Brookhaven (hereinafter the Zoning Board) lacked the authority to extend the petitioner's special permit. Moreover, estoppel is not available to preclude the respondents from denying the validity of the Zoning Board's purported extension thereof (*see Matter of Parkview Assoc. v City of New York,* 71 NY2d 274, 282 [1988], *cert denied* 488 US 801 [1988]; *McGannon v Board of Trustees for Vil. of Pomona,* 239 AD2d 392, 393 [1997]).

The appellant's remaining contentions are without merit. Florio, J.P., Skelos, Fisher and Dillon, JJ., concur.