In the Matter of METEOR ENTERPRISES, LLC, et al., Respondents, v SCOTT BYLEWSKI et al., Comprising the Town Board of Town of Clarence, Appellants, et al., Respondents. [831 NYS2d 787]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered November 2, 2005 in a proceeding pursuant to CPLR article 78. The judgment granted the petition in part.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioners are, respectively, the contract vendee and the current owner of a 160-acre parcel in the Town of Clarence (Town) on which petitioner Meteor Enterprises, LLC (Meteor) seeks to construct a 230-unit clustered housing development. Meteor seeks to undertake the project pursuant to a Planned Unit Residential District (PURD) designation that was formerly available under the Town Zoning Law but is no longer available following the enactment of a new comprehensive Town Zoning Law in March 2005.

In August 2001, pursuant to Town Law § 272-a, the Town adopted Master Plan 2015 (Master Plan), which provided for the enactment of a new comprehensive zoning law. Meteor submitted its application for a PURD designation and approval of its proposed development plan (PURD application) in May 2002. The Town Board, as lead agency under the State Environmental Quality Review Act (SEQRA), made a negative recommendation to the Town Planning Board (Planning Board) concerning Meteor's PURD application. Petitioners then commenced a CPLR article 78 proceeding that resulted in a January 10, 2005 judgment annulling the Town Board's SEQRA findings and directing that the PURD application be referred to the Planning Board for review. On March 9, 2005, the Town Board adopted the new Town Zoning Law that, as noted,

contained no provision for a PURD designation. On May 4, 2005, the Planning Board recommended that Meteor's PURD application be denied, noting that the new Town Zoning Law had eliminated the PURD designation. By resolution adopted on May 25, 2005, the Town Board denied approval of the PURD application, reciting the SEQRA findings that had been previously annulled and adding that "[t]he adoption of [a] comprehensive zoning law . . . renders the proposed project design illegal."

Petitioners then commenced this CPLR article 78 proceeding seeking a judgment, inter alia, annulling the Town Board's May 25, 2005 resolution, directing the Town Board to grant the PURD application, and declaring the new Town Zoning Law "invalid to the extent that it does not conform with the Master Plan by failing to provide the PURD designation." Supreme Court granted the petition in part, annulling the May 25, 2005 resolution and granting Meteor's PURD application. Respondent members of the Town Board appeal, and we reverse.

We note at the outset that we agree with petitioners that the Town Board could not, as a matter of law, withhold approval of the development plan based on the SEQRA findings that were annulled by the judgment in the prior CPLR article 78 proceeding, from which no appeal was taken. Thus, the issues before us are whether the Town Board's May 2005 determination of the PURD application was governed by the Town Zoning Law enacted in March 2005 and, if so, whether that Zoning Law is invalid on the ground that it is inconsistent with the Town's Master Plan. "As a general rule, when a zoning law has been amended after the submission of an application seeking, e.g., subdivision approval, but before a decision is rendered thereon by the reviewing agency, the courts are bound to apply the law as amended unless 'special facts' indicate that the [reviewing agency] 'acted in bad faith and unduly delayed acting upon [the] application while the zoning law was changed' " (*Matter of Cleary v Bibbo*, 241 AD2d 887, 888 [1997], quoting *Matter of Bibeau v Village Clerk of Vil. of Tuxedo Park*, 145 AD2d 478, 479 [1988]; *see Matter of Greene v Zoning Bd. of Appeals of Town of Islip*, 25 AD3d 612 [2006]; *Matter of Lucrezia v Board of Appeals of Town of Haverstraw*, 2 AD3d 861 [2003]; *see generally Matter of Alscot Inv. Corp. v Incorporated Vil. of Rockville Ctr.*, 64 NY2d 921, 922 [1985]). Petitioners do not allege that the Town Board acted in bad faith or unduly delayed its determination of the PURD application while the Town Zoning Law was being changed, and we thus conclude that the Town Board's May 2005 determination was governed by the Town Zoning Law

enacted in March 2005. The remaining issue therefore is whether that Zoning Law is invalid on the ground that it is inconsistent with the Town's comprehensive Master Plan.

"All town land use regulations must be in accordance with a comprehensive plan adopted pursuant to [Town Law § 272-a]" (§ 272-a [11] [a]). "Compliance with the statutory requirement is measured, however, in light of the long-standing principle that one who challenges such a legislative act bears a heavy burden. . . . If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control. . . . Thus, where the [challenging party] fails to establish a clear conflict with the comprehensive plan, the zoning classification must be upheld" (*Bergstol v Town of Monroe*, 15 AD3d 324, 325 [2005], *lv denied* 5 NY3d 701 [2005] [internal quotation marks omitted]). We conclude that, although the March 2005 Town Zoning Law eliminates the PURD designation, it nevertheless provides for a clustered housing zoning classification that is not in "clear conflict" with the Town's Master Plan and therefore that zoning classification must be upheld (*id.*; *see Matter of King Rd. Materials v Garafalo*, 173 AD2d 931, 932 [1991]). Present—Hurlbutt, J.P., Gorski, Smith and Pine, JJ.