■ In the Matter of GOLDEN HORIZON TERRYVILLE CORP., Appellant, v BRENDA A. PRUSINOWSKI et al., Respondents. [941 NYS2d 890]—

In a hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the review of the application of the petitioner/plaintiff for commercial site plan approval to develop a certain parcel of real property, and action, inter alia, for a judgment declaring, among other things, that any moratorium on the review of commercial site plan applications imposed by the Town of Brookhaven does not apply to the subject real property owned by the petitioner/plaintiff, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Costello, J.), entered December 21, 2010, which, upon remittitur from this Court by decision and order dated June 16, 2009 (*see Matter of Golden Horizon Terryville Corp. v Prusinowski*, 63 AD3d 930 [2009]), and after an evidentiary hearing on the issue of whether there were "special facts" indicating that the respondents/defendants acted in bad faith in delaying the consideration of its application for commercial site plan approval, determined that it failed to demonstrate such special facts, denied the petition, and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Generally, courts must apply the zoning laws as they exist at the time a decision is rendered unless there is proof of "special facts" which indicate that the municipality acted in bad faith in delaying the consideration of a landowner's application for a building permit or other land-use approvals (*see Matter of Pokoik v Silsdorf*, 40 NY2d 769 [1976]; *Matter of D'Agostino Bros. Enters., Inc. v Vecchio*, 13 AD3d 369, 370 [2004]; *Wiehe v Town of Babylon*, 169 AD2d 728, 728-729 [1991]; *Matter of Lawrence School Corp. v Morris*, 167 AD2d 467 [1990]). Contrary to the contention of the petitioner/plaintiff, it failed to demonstrate the existence of special facts at the hearing that would warrant an exception to the general rule (*see Matter of Lucrezia v Board of Appeals of Town of Haverstraw*, 2 AD3d 861 [2003]; *Matter of Home Depot U.S.A. v Village of Rockville Ctr.*, 295 AD2d 426, 429 [2002]; *Matter of Calverton Indus. v Town of Riverhead*, 278 AD2d 319, 320 [2000]; *Wiehe v Town of Babylon*, 169 AD2d at 728-729). Dickerson, J.P., Chambers, Austin and Miller, JJ., concur.