■ In the Matter of RICHARD G. KRAUSE et al., Appellants, v JOANN PICCOZZI et al., Respondents. [965 NYS2d 379]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Shelter Island dated September 22, 2010, which, upon a request by the Building Permits Coordinator of the Town of Shelter Island for an interpretation of section 133-10 (E) (2) (c) of the Code of the Town of Shelter Island, after a hearing, determined that a proposed lawnmower repair business was a permitted "home occupation" in the relevant residential zoning district under section 133-10 (E) (2) (c) of the Code of the Town of Shelter Island, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Cohen, J.), entered May 30, 2012, which denied the petition and dismissed the proceeding.

Ordered that the appeal is dismissed as academic, with costs.

In August 2010, the Building Permits Coordinator of the Town of Shelter Island requested, pursuant to section 133-32 (F) (1) of the Code of the Town of Shelter Island (hereinafter the Town Code), an interpretation from the Zoning Board of Appeals of the Town (hereinafter the Board) as to whether a proposed lawnmower repair business was a permitted "home occupation" in the relevant residential zoning district under section 133-10 (E) (2) (c) of the Town Code. After a public hearing, on September 22, 2010, the Board determined that the proposed lawnmower repair business was a permitted home occupation in the relevant residential zoning district under that provision of the Town Code.

Thereafter, the petitioners, owners of property adjacent to the

proposed lawnmower repair business, commenced this CPLR article 78 proceeding to review the Board's determination. The Supreme Court concluded that the Board's interpretation was rational, and denied the petition and dismissed the proceeding in a judgment entered May 30, 2012.

The respondent asks us to take judicial notice of the fact that on April 5, 2012, the Town amended section 133-10 (E) (2) (c) of the Town Code to specifically provide that "[l]awn and garden equipment repair and maintenance" is a permitted home occupation in the relevant zoning district (Code of Town of Shelter Island § 133-10 [E] [2] [c] [13]). This Court may take judicial notice of matters of public record (*see e.g. Matter of Winona Pi. [Winona Pa.]*, 86 AD3d 542, 543 [2011]). Generally, a court must apply the zoning ordinance as it exists at the time a decision is rendered (*see Matter of Pokoik v Silsdorf*, 40 NY2d 769, 772-773 [1976]; *Matter of Demisay, Inc. v Petito*, 31 NY2d 896, 897 [1972]; *Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent*, 65 AD3d 154, 158-159 [2009]), and the special facts exception to this rule is inapplicable here (*see Matter of Nathan v Zoning Bd. of Appeals of Vil. of Russell Gardens*, 95 AD3d 1018, 1019-1020 [2012]; *Matter of Golden Horizon Terryville Corp. v Prusinowski*, 94 AD3d 888 [2012]; *Matter of D'Agostino Bros. Enters., Inc. v Vecchio*, 13 AD3d 369, 370 [2004]). Accordingly, applying the zoning ordinance as it exists at this time, the amended zoning provision is controlling and has rendered this appeal academic.

In light of our determination, we need not reach the petitioners' remaining contentions. Dillon, J.P., Chambers, Austin and Roman, JJ., concur.