■ In the Matter of WILLIAM C. SHOPSIN et al., Respondents, v IRVING MARKOWITZ et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellants, constituting the Zoning Board of Appeals of the Town of East Hampton, dated January 13, 1984, which denied the petitioners' application, *inter alia,* for permission to build a kitchen in a carriage house on the petitioners' property, and a determination of the appellants dated November 16, 1984 which reaffirmed the determination dated January 13, 1984, the appeal is from a judgment of the Supreme Court, Suffolk County (Luciano, J.), entered May 21, 1986, which annulled the appellants' determinations and permitted the petitioners to use the carriage house located on their property as an accessory building in accordance with East Hampton Village Code former § 57-4 (I) (2) (a).

Ordered that the judgment is reversed, on the law, with costs, the determinations are confirmed, and the proceeding is dismissed on the merits.

The Supreme Court erred in finding that the appellants' determinations dated January 13, 1984 and November 16, 1984, respectively, were arbitrary because they interpreted the zoning ordinance provision in issue differently than they had interpreted the same provision in another determination, also dated January 13, 1984, with regard to another applicant.

The appellants offered a reasonable explanation, supported by the record, for the apparent inconsistency *(see, Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516).

The court also erred in refusing to dismiss the proceeding based on a 1984 amendment to the village's zoning ordinance. That amendment, which was passed after the appellants' determinations but before the Supreme Court's decision, deleted the provision upon which the petitioners relied in their application. The record contains no "special facts" which would except this case from the general rule that a case must be decided on the law as it exists at the time of the decision *(see, Matter of Amsterdam-Manhattan Assocs. v Joy,* 42 NY2d 941; *Matter of Pokoik v Silsdorf,* 40 NY2d 769; *Matter of Aversano v Two Family Use Bd.,* 117 AD2d 665; *Matter of Golisano v Town Bd.,* 31 AD2d 85). Accordingly, the judgment is reversed, the appellants' determinations are confirmed, and the proceeding is dismissed. Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.