■ In the Matter of NEW YORK INSTITUTE OF TECHNOLOGY, Petitioner, v GILBERT M. COLOMBO, JR., as Mayor of the Incorporated Village of Old Westbury, et al., Respondents.— Proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Old Westbury, dated January 19, 1987, which, after a hearing, denied the petitioner's application for relief under subdivision (4) of Local Laws, 1986, No. 8 of the Incorporated Village of Old Westbury.

Adjudged that the proceeding is dismissed, with costs.

The petitioner is seeking review of a determination whereby it was denied relief from a moratorium on the acceptance of applications for subdivision approval where the subdivision would result in the creation of more than two new lots. However, during the pendency of this proceeding before this court the moratorium expired, thereby rendering the proceeding academic *(see, Matter of Adirondack League Club v Board*

*of Black Riv. Regulating Dist.,* 301 NY 219; *Lighting Horizons v Kahn & Co.,* 120 AD2d 648).

It has been alleged that a decision from this court could have a practical effect on the existing controversy *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707; *Lighting Horizons v Kahn & Co., supra),* because if we were to annul the determination and direct the respondents to entertain the petitioner's application for subdivision approval they would have to apply the law as it existed when the application was originally made. After the moratorium expired the village zoning ordinance was amended and the minimum lot area was increased from 2 to 4 acres (Local Laws, 1987, No. 13 of Village of Old Westbury). This claim is incorrect *(see, Matter of Pokoik v Silsdorf,* 40 NY2d 769; *Matter of Shopsin v Markowitz,* 130 AD2d 494; *Matter of Rosano v Town Bd.,* 43 AD2d 728).

Since a determination on the merits in this proceeding would have no effect on the existing controversy, the proceeding is hereby dismissed. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.