■ In the Matter of WEST LANE PROPERTIES, Respondent, v JOHN LOMBARDI et al., Constituting the Town Board of the Town of Riverhead, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Riverhead, dated September 22, 1986, which denied the petitioner's application for site plan approval, the appeal is from a judgment of the Supreme Court, Suffolk County (Brown, J.), entered April 17, 1987, which annulled the determination and directed the Town Board to approve the petitioner's site plan and issue it a building permit.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is confirmed and the proceeding is dismissed on the merits.

On July 25, 1986, the petitioner applied to the Town Board for site plan approval of an industrial building which was to be built on property zoned "Industrial A" on West Lane in Aquebogue. Pursuant to Riverhead Town Code § 108.47.1, the petitioner's application would have been automatically approved in the event that the Town Board failed to act on it within 60 days of its receipt of the application. Ten days after its receipt of the petitioner's application, on August 5, 1986, the Town Board enacted a 90-day moratorium on all applications for special permits, use permits, building permits and site plan approvals affecting all property located in the "Industrial A" zone on West Lane in Aquebogue in order to permit the Town Board to consider rezoning the area. A public hearing was held on the matter on August 19, 1986, and on September 22, 1986, the Town Board amended the zoning law so as to rezone the subject area "Residential A". Immediately thereafter the petitioner's application for site plan approval was denied. Attempts to effectively serve the petitioner with the amended zoning law were futile and the amended ordinance thus did not become effective as to the petitioner until October 5, 1986.

"The moratorium resolution [enacted by the Town Board] was a reasonable measure designed to temporarily halt development while the town considered comprehensive zoning

changes and was therefore a valid stopgap or interim zoning measure *(see, Matter of Charles v Diamond,* 41 NY2d 318). The 90-day period of the moratorium therefore should not be counted in determining whether the [Town Board] complied with the [Town Code] therefore the petitioner's [site plan is] not entitled to approval on default" *(Matter of Dune Assocs. v Anderson,* 119 AD2d 574, 575). Furthermore, the record contains no "special facts" which would except this case from the general rule that a case must be decided on the law as it exists at the time of the decision *(see, Matter of Amsterdam-Manhattan Assocs. v Joy,* 42 NY2d 941; *Matter of Pokoik v Silsdorf,* 40 NY2d 769; *Matter of Aversano v Two Family Use Bd.,* 117 AD2d 665; *Matter of Golisano v Town Bd.,* 31 AD2d 85). The judgment is therefore reversed, the Town Board's determination is confirmed and the proceeding is dismissed. Mangano, J. P., Brown, Kooper and Balletta, JJ., concur.