■ PARVIS NOGHREY, Appellant, v HENRIETTA ACAMPORA et al., Constituting the Town Board of the Town of Brookhaven, et al., Respondents.—In an action, *inter alia,* for a judgment declaring unconstitutional Local Laws, 1987, No. 2 of the Town of Brookhaven (the Building Moratorium Law, amending Brookhaven Town Code ch 17), and for damages, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Lama, J.), entered February 10, 1988, which denied his motion for summary judgment and granted the defendants summary judgment dismissing the complaint and (2) as limited by his brief, from so much of an order of the same court, dated June 6, 1988, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order entered February 10, 1988 is dismissed, as that order was superseded by the order dated June 6, 1988, made upon reargument; and it is further,

Ordered that the order dated June 6, 1988 is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

Pursuant to Local Laws, 1987, No. 2 of the Town of Brookhaven, the town placed a moratorium for six months on certain development within the town while its master plan was being updated. In our view, this moratorium "was a reasonable measure designed to temporarily halt development while the town considered comprehensive zoning changes and was therefore a valid stopgap or interim zoning measure" *(Matter of Dune Assocs. v Anderson,* 119 AD2d 574, 575; *see also, Matter of Charles v Diamond,* 41 NY2d 318; *Matter of Lakeview Apts. v Town of Stanford,* 108 AD2d 914). Furthermore, contrary to the plaintiff's argument, the record contains

no "special facts" which would except this case from the general rule that a case must be decided on the law as it exists at the time of the decision *(Matter of Mascony Transp. & Ferry Serv. v Richmond,* 71 AD2d 896, *affd* 49 NY2d 969; *Matter of West Lane Props. v Lombardi,* 139 AD2d 748).

We have reviewed the plaintiff's remaining arguments and find them to be without merit *(Matter of West Lane Props. v Lombardi, supra; Tilles Inv. Co. v Town of Huntington,* 137 AD2d 118, 122, *lv granted* 73 NY2d 709; *First Lutheran Church v Los Angeles County,* 482 US 304; *cf., Turnpike Woods v Town of Stony Point,* 70 NY2d 735).

We note that since this is a declaratory judgment action, the judgment, when entered, should contain a declaration that Local Laws, 1987, No. 2 of the Town of Brookhaven is constitutional *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Mangano, J. P., Brown, Lawrence and Eiber, JJ., concur.