■ ALLEN BEYDA et al., Respondents, v BOARD OF TRUSTEES OF THE VILLAGE OF SADDLE ROCK et al., Appellants.—In an action, *inter alia,* for a judgment declaring the right of the plaintiffs to use certain pool facilities of the Village of Saddle Rock, the defendants constituting the Board of Trustees of the village appeal from (1) a judgment of the Supreme Court, Nassau County (Levitt, J.), dated May 23, 1988, which declared that the plaintiffs are " 'residents' of the Village of Saddle Rock as such word is used and defined in Ordinance No. 14 of the Village of Saddle Rock and as such residents are entitled to reapply and obtain a permit to use the Village of Saddle Rock's pool facilities on the same terms and conditions as all other residents of the Village of Saddle Rock", and (2) an order of the same court, dated April 25, 1989, which directed a hearing pursuant to CPLR 2218 on the issues raised by their motion, *inter alia,* to vacate the judgment dated May 23, 1988.

Ordered that the judgment is modified, on the law, by deleting therefrom the words "are 'residents' of the Village of Saddle Rock as such word is used and defined in Ordinance No. 14" and substituting therefor the words "were 'residents' of the Village of Saddle Rock as such word was used and defined in Ordinance No. 14", and by deleting therefrom the words that the plaintiffs "and as such residents are entitled to reapply and obtain a permit to use the Village of Saddle Rock's pool facilities on the same terms and conditions as all other residents of the Village of Saddle Rock"; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment after the hearing directed by that court in the order dated April 25, 1989, is held; and it is further,

Ordered that the appeal from the order dated April 25, 1989, is dismissed, *sua sponte,* without costs or disbursements.

The plaintiffs' respective properties are traversed by the boundary line between the Village of Saddle Rock and the Town of North Hempstead. The defendants denied the plaintiffs' applications for use of the village pool facilities on the ground that they did not meet the residency requirement contained in Village of Saddle Rock Ordinance No. 14, article II. The plaintiffs then commenced an action for a judgment declaring their right to use the pool facilities. The Supreme Court subsequently issued a judgment declaring that the plaintiffs were "residents" of the Village of Saddle Rock, as defined in the ordinance then in effect. Accordingly, the court directed that the plaintiffs be permitted to reapply and obtain a permit for use of the village pool facilities on the same terms as all other residents of the village. The village appeals from that judgment.

Subsequent to entry of the judgment appealed from, the village amended Ordinance No. 14, article II, *inter alia,* by restricting the definition of "residents" to persons residing in dwellings located entirely within the Village of Saddle Rock. The village then moved, *inter alia,* to vacate the judgment dated May 23, 1988, and the Supreme Court, *sua sponte,* directed a hearing on the issues raised by that motion, including the basis for the amendment.

While we agree with the Supreme Court's determination that the plaintiffs were residents of the village within the meaning of Village Ordinance No. 14, article II, prior to its amendment, it is clear that the ordinance as amended excludes the plaintiffs from the definition of resident. Because this court must determine the appeal in accordance with the law now in effect *(Matter of Pokoik v Silsdorf,* 40 NY2d 769; *Matter of Shopsin v Markowitz,* 130 AD2d 494), we modify the declarations contained in the judgment dated May 23, 1988.

Since an order directing a judicial hearing to aid in the disposition of a motion is not appealable as of right *(Palma v Palma,* 101 AD2d 812), the defendants' appeal from the order dated April 25, 1989, is dismissed, *sua sponte.* However, we note that the validity of the amendment, and its effect, if any, on the plaintiffs' preexisting rights, is the proper subject of the hearing directed by the court. It is in the interests of the parties that the issues raised by the amendment be resolved at the earliest date and we direct that the hearing be held with all convenient speed. Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.