■ In the Matter of McDONALD's CORPORATION, Appellant, v VILLAGE OF ELMSFORD et al., Respondents.—In a hybrid proceeding pursuant to CPLR article 78, inter alia, to compel the respondents to issue a building permit for the construction of a restaurant, and an action for a judgment declaring that the moratorium of the Village of Elmsford on the construction of fast food restaurants was illegal, the petitioner appeals from so much of a judgment of the Supreme Court, Westchester County (West, J.), entered September 27, 1988, as denied that branch of the petition which was to compel the respondents to issue a building permit for the construction of a McDonald's Restaurant, and declared that the moratorium was legal.

Ordered that the judgment is affirmed, with costs to the respondents.

Under a lease dated April 27, 1987, the petitioner became the lessee of a parcel of land within the Village of Elmsford on which it sought to construct a restaurant.

On September 8, 1987, the respondent Board of Trustees of the Village of Elmsford imposed a six-month moratorium on the construction of "fast food establishments". This moratorium was subsequently extended for an additional six months. As a result of the moratorium, the Board of Trustees took no action on the petitioner's application for a building permit. It is uncontroverted that at the time of the declaration of the moratorium, a "fast food establishment" was a permitted use for the parcel in question.

The petitioner commenced the instant hybrid proceeding and action for a judgment declaring the moratorium illegal, and to compel the respondents to issue a building permit for the construction of the proposed restaurant. The requested relief was denied by the Supreme Court.

Prior to the entry of the judgment appealed from, the moratorium, by its own terms, expired. After the moratorium had expired, the Board of Trustees of the Village of Elmsford enacted an amendment to the local zoning laws which required a special permit to build a "drive-in restaurant".

Because the moratorium is no longer in effect, it no longer has an impact on the parties *(see, Matter of New York Inst. of Technology v Colombo,* 138 AD2d 489; *Dune Assocs. v Town Bd.,* 91 AD2d 968; *Matter of Adirondack League Club v Board of Black Riv. Regulating Dist.,* 301 NY 219). However, the petitioner argues that the question of the validity of the moratorium is not academic and that a decision from this court relating to the validity of the moratorium could have a "practical effect on the existing controversy" between the parties *(Matter of New York Inst. of Technology v Colombo, supra,* at 490; *see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707). Specifically, the petitioner asserts that because the moratorium was "illegal", this court should conclude that the zoning ordinance that was in effect at the time the moratorium was enacted should be applicable to the facts of this case. The petitioner alleges that the practical effect of such a determination would be to allow the petitioner to construct its proposed restaurant. In this regard, the petitioner contends that the current amendment to the zoning ordinance effectively precludes it from constructing its restaurant.

Generally an appellate court must apply the law as it exists at the time of its decision *(see, Matter of Demisay, Inc. v*

*Petito,* 31 NY2d 896; *Matter of Gordon v Plonski,* 9 NY2d 886; *Matter of Bibeau v Village Clerk of Vil. of Tuxedo Park,* 145 AD2d 478; *Matter of Rosano v Town Bd.,* 43 AD2d 728; *see also,* 2 Anderson, New York Zoning Law and Practice § 26.23, at 409-410 [3d ed]). In this case, however, the petitioner asserts that "special facts" are present which indicate that the respondents, through the imposition of the moratorium, acted in bad faith and unduly delayed the processing of its application for a building permit with respect to its proposed restaurant until the zoning ordinance had been amended. It is for this reason that the petitioner asserts that this court should apply the law as it existed at the time of the imposition of the moratorium and direct that the respondents issue a building permit for the proposed restaurant *(see, Matter of Pokoik v Silsdorf,* 40 NY2d 769; *see also, Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 64 NY2d 921; *Matter of Amsterdam-Manhattan Assocs. v Joy,* 42 NY2d 941).

It is clear that the moratorium was not imposed in bad faith. We note in this regard that the letter from the Village Attorney suggesting a moratorium preceded the petitioner's application for a building permit by more than one year. Therefore, the "special facts" exception has no application to the appellant *(see, Matter of Bibeau v Village Clerk of Vil. of Tuxedo Park, supra; Cymbidium Dev. Corp. v Smith,* 133 AD2d 605; *Matter of Shopsin v Markowitz,* 130 AD2d 494). The moratorium herein was a valid exercise of police power and was a legitimate and appropriate response to the problems of traffic congestion and littering in the Village of Elmsford *(see, Matter of Belle Harbor Realty Corp. v Kerr,* 35 NY2d 507, 512; *see also, Matter of Charles v Diamond,* 41 NY2d 318; *Matter of West Lane Props. v Lombardi,* 139 AD2d 748; *Matter of Dune Assocs. v Anderson,* 119 AD2d 574). Mollen, P. J., Rubin, Sullivan and Rosenblatt, JJ., concur.