■ 119 DEVELOPMENT ASSOCIATES, Appellant, v VILLAGE OF IRVINGTON et al., Respondents.—In an action, inter alia, to recover damages for a taking of the plaintiff's property with-

out just compensation under 42 USC § 1983 resulting from a temporary building moratorium, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Wood, J.), dated June 13, 1989, which denied its motion for partial summary judgment on the issue of liability and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

Although the Supreme Court erred in dismissing, on ripeness grounds, the plaintiff's challenge to the facial validity of the building moratorium enacted by the defendant Village of Irvington, we nevertheless conclude that the plaintiff's constitutional argument is substantively lacking in merit *(see, e.g., Beacon Hill Farm Assocs. v Loudoun County Bd. of Supervisors,* 875 F2d 1081, 1083; *Martino v Santa Clara Val. Water Dist.,* 703 F2d 1141, 1146-1147, *cert denied* 464 US 847). Contrary to the plaintiff's contentions, the enactment of the moratorium upon certain development within the defendant Village represented a constitutional exercise of the defendant's police powers under the circumstances presented *(see, e.g., Matter of Charles v Diamond,* 41 NY2d 318; *Matter of Belle Harbor Realty Corp. v Kerr,* 35 NY2d 507, 512). The moratorium constituted " 'a reasonable measure designed to temporarily halt development while the [Village] considered comprehensive zoning changes and was therefore a valid stopgap or interim measure' " *(Noghery v Acampora,* 152 AD2d 660, quoting from *Matter of Dune Assocs. v Anderson,* 119 AD2d 574, 575; *Matter of McDonald's Corp. v Village of Elmsford,* 156 AD2d 687, 689; *cf., Matter of Lakeview Apts. v Town of Stanford,* 108 AD2d 914). Kooper, J. P., Sullivan, Miller and O'Brien, JJ., concur.