■ In the Matter of LAUREL REALTY, LLC, Respondent, v PLANNING BOARD OF TOWN OF KENT et al., Appellants. [836 NYS2d 248]—

In a hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Planning Board of the Town of Kent to hear and determine the petitioner's application for subdivision approval, and an action for a judgment declaring that Local Law No. 9 (2005) of the Town of Kent is invalid as

applied to the petitioner's real property, the appeal is from an order and judgment (one paper) of the Supreme Court, Putnam County (O'Rourke, J.), entered February 24, 2006, which (a) denied those branches of the respective motions of the Planning Board of the Town of Kent and the Town Board of the Town of Kent which were to dismiss the first cause of action pursuant to CPLR 3211 (a) (7) and 7804 (f), (b) granted the petition to the extent of directing the Town Board of the Town of Kent to amend Local Law No. 9 (2005) of the Town of Kent within 60 days so as to exempt the petitioner's application from a moratorium on the processing of certain subdivision applications, and directing the Planning Board of the Town of Kent to approve the petitioner's application within 30 days thereafter, (c) upon, in effect, converting those branches of the respective motions of the Planning Board of the Town of Kent and the Town Board of the Town of Kent which were to dismiss the second cause of action into motions for summary judgment declaring that Local Law No. 9 (2005) of the Town of Kent is valid, and upon searching the record, in effect, awarded summary judgment in favor of the petitioner declaring that Local Law No. 9 (2005) of the Town of Kent is invalid as applied to its real property, and (d) declared that Local Law No. 9 (2005) of the Town of Kent is invalid as applied to the petitioner's real property.

Ordered that the order and judgment is modified, on the law, (1) by deleting the provision thereof granting the petition and substituting therefor a provision denying the petition, (2) by deleting the provision thereof which, upon, in effect, converting those branches of the respective motions of the Planning Board of the Town of Kent and the Town Board of the Town of Kent which were to dismiss the second cause of action into motions for summary judgment declaring that Local Law No. 9 (2005) of the Town of Kent is valid, and upon searching the record, in effect, awarded summary judgment in favor of the petitioner declaring that Local Law No. 9 (2005) of the Town of Kent is invalid as applied to its real property, and substituting therefor a provision granting the motions of the Planning Board of the Town of Kent and the Town Board of the Town of Kent for summary judgment declaring that Local Law No. 9 (2005) of the Town of Kent is valid, and (3) by deleting the provision thereof declaring that Local Law No. 9 (2005) of the Town of Kent invalid as applied to the petitioner's real property and substituting therefor a provision declaring that Local Law No. 9 (2005) of the Town of Kent is valid; as so modified, the order and judgment is affirmed, with one bill of costs to the respondents, the petition is denied, the proceeding is dismissed, and it

is declared that Local Law No. 9 (2005) of the Town of Kent is valid.

The petitioner owns a 137.44 acre parcel of unimproved land in the Town of Kent, in a district zoned for planned residential development. The petitioner submitted an application to the Planning Board of the Town of Kent (hereinafter the Planning Board) to subdivide the property into single-family residential lots. After the Planning Board refused to hear the application due to its erroneous belief that the property had been previously subdivided illegally, the petitioner commenced a CPLR article 78 proceeding seeking to compel the Planning Board to hear and determine its application. In settlement of that proceeding, the petitioner and the Planning Board executed a stipulation, so-ordered by the Supreme Court on August 11, 2004, wherein the Planning Board agreed: "to hear petitioner's subdivision application filed herein on March 18, 2004 at its meeting to be held on August 12, 2004 and at such subsequent meetings as may be appropriate, the initial phase of such application according to the rules of the respondent Board being one for sketch plan approval."

The Planning Board heard the application at the meeting on August 12, 2004 and at various meetings thereafter in 2004 and 2005 addressing sketch plan approval and designating itself the lead agency for review pursuant to the State Environmental Quality Review Act (ECL art 8).

Thereafter, the Town Board of the Town of Kent (hereinafter the Town Board) enacted Local Law No. 9 (2005), which imposed an eight-month moratorium on Planning Board review of certain subdivision applications, including the petitioner's application. Citing the moratorium, the Planning Board refused to continue reviewing the petitioner's subdivision application.

In response, the petitioner commenced this hybrid CPLR article 78 proceeding/declaratory judgment action, seeking a judgment declaring that Local Law No. 9 (2005) of the Town of Kent (hereinafter Local Law No. 9) is invalid as applied to its real property, and mandamus to compel the Planning Board to hear and determine its application for subdivision approval. The Supreme Court determined, on the merits, those branches of the Planning Board and Town Board's respective motions which were pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the first cause of action seeking mandamus, and denied those branches of the motions. Based upon the so-ordered stipulation dated August 11, 2004, the Supreme Court granted the petition to the extent of directing the Town Board to amend Local Law No. 9 so as to provide an exemption from the moratorium for

the petitioner's subdivision application, and directing the Planning Board to thereafter approve the petitioner's application. The Supreme Court, in effect, also converted those branches of the respective motions of the Planning Board and the Town Board which were pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action seeking a declaratory judgment into motions for summary judgment declaring that Local Law No. 9 is valid. Upon searching the record, the court, in effect, awarded summary judgment in favor of the petitioner on the second cause of action declaring that Local Law No. 9 is invalid as applied to the petitioner's real property. We reverse.

In the first instance, since the dispositive facts were undisputed, and the arguments of the parties were fully set forth in the record before the Supreme Court, that court properly reached the merits of the petition and the converted summary judgment motion without having provided the movants the opportunity to serve an answer pursuant to CPLR 7804 (f) and 3211 (see Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102 [1984]; Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach, 35 AD3d 465 [2006], lv dismissed in part, lv granted in part 8 NY3d 913 [2007]; Matter of Intermor v Board of Trustees of Inc. Vil. of Malverne, 286 AD2d 330 [2001]; Matter of Dougherty v Mammina, 261 AD2d 400 [1999]).

However, the Supreme Court erred in granting the petition to the extent that it did, and in failing to grant the motions of the Planning Board and the Town Board which were for summary judgment declaring that Local Law No. 9 is valid.

The moratorium, which was extended twice for short periods of time, is a valid stopgap or interim measure, reasonably designed to temporarily halt development while the Town considered updates to its master plan and comprehensive changes to its zoning ordinance (see Cellular Tel. Co. v Village of Tarrytown, 209 AD2d 57, 66 [1995]; 119 Dev. Assoc. v Village of Irvington, 171 AD2d 656 [1991]; Noghrey v Acampora, 152 AD2d 660 [1989]; Matter of Dune Assoc. v Anderson, 119 AD2d 574 [1986]). Moreover, the moratorium, including its first eight-month extension, and the second shorter extension, was enacted for a reasonable period of time. We note, however, that an unreasonable delay by the Town in completing the zoning changes may render subsequent extensions of the moratorium unconstitutional (see Mitchell v Kemp, 176 AD2d 859, 860 [1991] [unreasonable delay of five years in enacting zoning changes rendered moratorium unconstitutional]).

In addition, and contrary to the finding of the Supreme Court,

the applicability of the moratorium to the petitioner's subdivision application did not violate the so-ordered stipulation of settlement in the previous CPLR article 78 proceeding commenced by the petitioner against the Planning Board, in which the Planning Board merely agreed to hear the petitioner's application in accordance with its own rules, including compliance with the moratorium after it was enacted.

Since the moratorium prevented the Planning Board from continuing to hear the petitioner's application during its effective dates, the petitioner did not have a "clear legal right" to the relief requested in the first cause of action, seeking mandamus to compel the Planning Board to hear and determine its application for subdivision approval (*see Matter of Council of City of N.Y. v Bloomberg*, 6 NY3d 380, 388 [2006]; *Matter of Brusco v Braun*, 84 NY2d 674, 679 [1994]).

Accordingly, the Supreme Court should have denied the petition and declared that Local Law No. 9 is valid.

The parties' remaining contentions either have been rendered academic in light of our determination or are without merit. Schmidt, J.P., Goldstein, Fisher and Lifson, JJ., concur.