# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1016**
**CA 14-00102**
PRESENT: CENTRA, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

LENAPE RESOURCES, INC.,
PETITIONER-PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

TOWN OF AVON, TOWN OF AVON TOWN BOARD AND
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL
CONSERVATION, RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

HODGSON RUSS LLP, BUFFALO (DANIEL A. SPITZER OF COUNSEL), FOR
PETITIONER-PLAINTIFF-APPELLANT.

WEBSTER SZANYI LLP, BUFFALO (JEREMY A. COLBY OF COUNSEL), FOR
RESPONDENTS-DEFENDANTS-RESPONDENTS TOWN OF AVON AND TOWN OF AVON TOWN
BOARD.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Livingston County (Robert B. Wiggins, A.J.), entered March 20, 2013 in a CPLR article 78 proceeding and declaratory judgment action. The order and judgment, insofar as appealed from, granted the converted motion of respondents-defendants Town of Avon and Town of Avon Town Board for summary judgment and dismissed the petition/complaint as against them.

It is hereby ORDERED that said appeal is unanimously dismissed without costs.

Memorandum:  In this combined CPLR article 78 proceeding/declaratory judgment action, petitioner-plaintiff (petitioner) challenged Town of Avon Local Law No. T-A-5-2012, insofar as it imposed a one-year moratorium on certain natural gas and petroleum extraction, exploration, and production activities within the Town of Avon.  Inasmuch as the moratorium has expired pursuant to the terms of the local law, the appeal is moot and must be dismissed (*see Matter of New York Inst. of Tech. v Columbo*, 138 AD2d 489, 489-490).  We reject petitioner's contention that the issues raised on appeal fall within the exception to the mootness doctrine (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715).  The substantive issues raised by petitioner were decided by the Court of Appeals in *Matter of Wallach v Town of Dryden* (23 NY3d 728), and thus this appeal does not raise "significant or important questions not previously passed on, i.e., substantial and novel issues," that would qualify as exceptions to the mootness doctrine (*Hearst Corp.*, 50 NY2d

at 715; *see People ex rel. Lynch v Poole*, 57 AD3d 1490, 1491).