People ex rel. Page v Fields (2023 NY Slip Op 02676)

People ex rel. Page v Fields

2023 NY Slip Op 02676

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2021-00493
 (Index No. 52125/20)

[*1]The People of the State of New York, ex rel. Ava C. Page, on behalf of Dennis Barr, et al., appellant,
v
Leroy Fields, Jr., etc., et al., respondents.

Patricia Pazner, New York, NY (Ava C. Page pro se of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Stephen J. Yanni of counsel), for respondents.

DECISION & ORDER
In a habeas corpus proceeding, the petitioner appeals from a corrected order of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated February 1, 2021. The corrected order, in effect, denied the petition and dismissed the proceeding as academic insofar as asserted on behalf of Dennis Barr, Michael Blount, Frederick Hightower, Herbert McQueen, and Jason Smith, and, in effect, denied the petition and dismissed the proceeding on the merits insofar as asserted on behalf of Robert Rubino.
ORDERED that on the Court's own motion, the notice of appeal from an order dated December 23, 2020, is deemed to be a premature notice of appeal from the corrected order dated February 1, 2021 (see CPLR 5520[c]); and it is further,
ORDERED that the appeal from so much of the corrected order as, in effect, denied the petition and dismissed the proceeding on the merits insofar as asserted on behalf of Robert Rubino is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the corrected order is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced this habeas corpus proceeding on behalf of certain named convicted sex offenders who are subject to the requirement of the Sexual Assault Reform Act (hereinafter SARA) that they not reside within 1,000 feet of a school (see Executive Law § 259-c[14]; Penal Law § 220.00[14]). The petitioner alleged that the Department of Corrections and Community Supervision (hereinafter DOCCS) was unlawfully confining the named individuals at the Fishkill Correctional Facility (hereinafter Fishkill) past the maximum expiration date of their incarceratory sentences due to their failure to secure SARA-compliant housing, rather than releasing them to the New York City Department of Homeless Services (hereinafter DHS) shelter system for the purposes of securing such housing. In the corrected order appealed from, the Supreme Court, in effect, denied the petition and dismissed the proceeding as academic insofar as asserted on behalf of Dennis Barr, Michael Blount, Frederick Hightower, Herbert McQueen, and Jason Smith, and, in effect, denied the petition and dismissed the proceeding on the merits insofar as asserted on behalf [*2]of Robert Rubino. The petitioner appeals.
The Supreme Court correctly, in effect, denied the petition and dismissed the proceeding as academic insofar as asserted on behalf of Barr, Blount, Hightower, McQueen, and Smith, since they were released from Fishkill to SARA-compliant housing while this proceeding was pending before the court (see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 173), and the petitioner did not argue before that court that it should nonetheless address those claims because they fall within an exception to the mootness doctrine (see Matter of Dering Point Assoc., LLC v Incorporated Vil. of Dering Harbor, 199 AD3d 913, 914-915).
The appeal from so much of the corrected order as, in effect, denied the petition and dismissed the proceeding on the merits insofar as asserted on behalf of Rubino must be dismissed as academic. Here, it is undisputed that Rubino was released from Fishkill to SARA-compliant housing during the pendency of this appeal. Moreover, we reject the petitioner's contention that the broader issue raised herein falls within the exception to the mootness doctrine. The issue of whether DOCCS may lawfully detain SARA-restricted sex offenders after the time they would otherwise be released to parole or postrelease supervision due to their failure to secure SARA-compliant housing, instead of simply releasing them to the DHS shelter system for purposes of obtaining such housing, has already been decided by the Court of Appeals in People ex rel. Johnson v Superintendent, Adirondack Corr. Facility (36 NY3d 187). As such, this appeal does not raise "significant or important questions not previously passed on, i.e., substantial and novel issues" that would qualify as an exception to the mootness doctrine (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 715; see Lenape Resources, Inc. v Town of Avon, 121 AD3d 1591, 1591; People ex rel. Lynch v Poole, 57 AD3d 1490, 1491).
CONNOLLY, J.P., MALTESE, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court