Matter of Stewart Hill, LLC v Town of New Windsor (2026 NY Slip Op 01366)

Matter of Stewart Hill, LLC v Town of New Windsor

2026 NY Slip Op 01366

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-04718
 (Index No. 7769/20)

[*1]In the Matter of Stewart Hill, LLC, et al., respondents,
vTown of New Windsor, et al., appellants.

Drake Loeb PLLC, New Windsor, NY (Alana R. Bartley and Stephen J. Gaba of counsel), for appellants.
Whiteman Osterman & Hanna LLP, Albany, NY (Robert S. Rosborough IV, Anna V. Pinchuk, and William S. Nolan of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for a judgment declaring that Local Law No. 1 of 2020 of the Town of New Windsor is invalid, the appeal is from a judgment of the Supreme Court, Orange County (Maria S. Vasquez-Doles, J.), dated May 26, 2021. The judgment, insofar as appealed from, in effect, granted the petition to the extent of directing that the site plan application of the plaintiffs/petitioners is exempt from a moratorium imposed by Local Law No. 1 of 2020.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In November 2017, the plaintiffs/petitioners (hereinafter the plaintiffs) submitted a site plan application to the Town of New Windsor Planning Board to develop a business park containing offices and warehouse space on 120 acres of vacant land. In November 2019, the Town's Planning Board adopted a negative declaration pursuant to the State Environmental Quality Review Act (hereinafter SEQRA) regarding the project. In February 2020, the Town Board of the Town enacted Local Law No. 1 of 2020, which established a moratorium on development approvals in the Town, with certain exceptions, including an exception for "[a]pproval of a subdivision application that has undergone SEQRA review to the extent that a negative declaration has been issued or a positive findings statement has been adopted from a final environmental impact statement prior to the date this Local Law is introduced."
The plaintiffs commenced this hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for a judgment declaring that Local Law No. 1 of 2020 is invalid. In a judgment dated May 26, 2021, the Supreme Court, among other things, in effect, granted the petition to the extent of directing that the plaintiffs' site plan application is exempt from the moratorium imposed by Local Law No. 1 of 2020. The defendants/respondents appeal.
"In the field of moratoria, it is well settled that the enactment of a moratorium upon certain land use or development within a municipality will be considered a valid stopgap or interim measure where it is reasonably designed to temporarily halt development while the municipality [*2]considers, inter alia, comprehensive zoning changes" (Cellular Tel. Co. v Village of Tarrytown, 209 AD2d 57, 66; see Matter of Laurel Realty, LLC v Planning Bd. of Town of Kent, 40 AD3d 857, 860). "An exercise of police power which interferes with the enjoyment of property must be a reasonable, necessary, and limited response directed at redressing a genuine crisis or emergency" (Cellular Telephone Co., 209 AD2d at 66).
Here, the Supreme Court properly determined that the moratorium failed to comply with the foregoing standards (see id.). There was no rational basis for the moratorium to contain an exception for subdivision applications that had received negative declarations pursuant to SEQRA while not exempting other types of applications that had received negative declarations pursuant to SEQRA. Accordingly, the court properly directed that the plaintiffs' site plan application is exempt from the moratorium imposed by Local Law No. 1 of 2020.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
LASALLE, P.J., DILLON, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court