Matter of Klausner v Village of Irvington NY (2026 NY Slip Op 50372(U))

[*1]

Matter of Klausner v Village of Irvington NY

2026 NY Slip Op 50372(U)

Decided on March 19, 2026

Supreme Court, Westchester County

Pulver, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 19, 2026
Supreme Court, Westchester County

In the Matter of the Application of Jeremy Klausner, Petitioner,

againstThe Village of Irvington, NY, Respondent.

Index No. 55091/2026

Jeremy Klausner, Esq. — Petitioner, pro se. 
Stecich Murphy & Lammers, LLP (by Marianne Stecich, Esq.) for Respondent.

Sheralyn Pulver, J.

Petitioner, Jeremy Klausner ("Petitioner"), moves for relief pursuant to Civil Practice Law and Rules ("CPLR") Article 78 seeking to prohibit the Village of Irvington (the "Village" or "Respondent") from amending its zoning code in such a manner as would allegedly constitute improper spot zoning for the benefit of a specific development project. Respondent has moved to dismiss the petition, pursuant to CPLR § 3211(a) and CPLR § 7804(f), on the grounds that service was not made in conformity with the Court's Order to Show Cause, that the petition is moot, and that the petition fails to state a cause of action.
For the reasons set forth below, the Court now grants Respondent's motion to dismiss.
The Court read and considered the following papers electronically filed via NYSCEF in making its decision:
• Verified Petition, Affirmation of Petitioner in Support of Petition with Exhibits A-B, Memorandum of Law, Proposed Order to Show Cause, and Request for Judicial Intervention (NYSCEF Doc. Nos. 1-6).• Notice of Motion to Dismiss, Affirmation of Marianne Stecich, Esq. in Support of Motion, Affidavit of Katie Bugna with Exhibit 1, and Memorandum of Law (NYSCEF Doc. Nos. 9-13).• Reply Affirmation of Petitioner, and Memorandum of Law in Opposition to Motion to Dismiss and in Further Support of Petition (NYSCEF Doc. Nos. 14-17).• Reply Affirmation of Marianne Stecich, Esq. in Further Support of Motion with Exhibit A (NYSCEF Doc. Nos. 20-21).[*2]Relevant Facts and Procedural History
This proceeding involves Petitioner's challenge to a proposed development project located at 76 North Broadway in the Village of Irvington, specifically within the Village's Multifamily/Office Zoning District ("MFO District") (see Affirmation of Jeremy Klausner ["Klausner Aff."] [NYSCEF Doc. No. 6], ¶ 4). The subject development project would include a multifamily apartment complex and a commercial child day care center, and it would contemplate the demolition of a historic mansion known as Woodcliff Manor (see id., ¶ 5). Petitioner contends that a commercial day care center is not a permitted use within the MFO District and that the proposed development project skirts the Village's general traffic standards (see Petition [NYSCEF Doc. No. 1], ¶¶ 19-20). 
On December 10, 2025, Petitioner filed a separate Article 78 proceeding in Westchester County Supreme Court seeking to compel the Village to make certain threshold determinations concerning the subject development project (see Klausner Aff., ¶ 6). Specifically, Petitioner sought to compel a determination as to the permitted use issue noted above and as to the applicability of the Village's general traffic standards (id.). Motions to dismiss that proceeding are currently pending (see NYSCEF Doc. Nos. 9, 16, notices of motion, in Klausner v Marron, Sup Ct, Westchester County, index no. 76964/2025). 
The Village subsequently proposed amendments to its zoning code to add a definition of "school" that would include, among others, a "preschool or nursery school" (see Ex. B to Klausner Aff., p. 83).[FN1]
An additional proposed amendment establishes that the Village's general traffic standards do not apply to the MFO District, and, instead, traffic standards specific to the MFO District would apply (see id.). These zoning amendments ostensibly address Petitioner's contentions.
On January 2, 2026, Petitioner commenced the instant Article 78 proceeding seeking to enjoin Respondent from enacting the aforementioned zoning code amendments (see Petition, p. 7). Petitioner alleges that the Village proposed these amendments specifically and solely to accommodate the subject development project, which constitutes impermissible spot zoning. Petitioner further contends that these amendments reflect a tacit admission by the Village that Petitioner was correct in his contentions that a day care center was not a permitted use and that the general traffic standards applied to the MFO District.
On January 20, 2026, following commencement of the instant proceeding, the Village's Board of Trustees passed Local Law #1 of 2026, enacting the aforementioned zoning code amendments (see Affidavit of Katie Bugna ["Bugna Aff."], Ex. 1 [NYSCEF Doc. Nos. 11-12]).
Discussion
A. Mootness / Subject Matter Jurisdiction
Respondent's argument that this proceeding is moot appropriately falls under the ground for dismissal for lack of subject matter jurisdiction, pursuant to CPLR § 3211(a)(2) (see Lacks v [*3]Lacks, 41 NY2d 71, 74 [1976]; Blue Lagoon, LLC v Reisman, 214 AD3d 938, 940 [2d Dept 2023]).
A case or controversy can become moot by the passage of time or a change in circumstances (see Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). "[T]he doctrine of mootness is invoked where a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy" (Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172 [2002]). Without an actual, live controversy to be decided, a case would not be justiciable and, therefore, would exceed a court's subject matter jurisdiction (see Hearst Corp., 50 NY2d at 713-14; Morrison v Budget Rent A Car Sys., Inc., 230 AD2d 253, 259 [2d Dept. 1997]). An Article 78 proceeding is moot if a determination on the merits would no longer have an effect on the existing controversy (see Matter of New York Inst. of Tech. v Colombo, 138 AD2d 489, 490 [2d Dept 1988]). A determination as to whether a matter is moot is generally fact-driven (see Dreikausen, 98 NY2d at 173).
Here, the petition contains a single cause of action for injunctive relief.[FN2]
Specifically, Petitioner seeks an order preventing Respondent from enacting the aforementioned zoning code amendments, which, Petitioner argues, constitute impermissible spot zoning (see Petition, p. 7). Of course, at the time the petition was filed, the very thing that Petitioner sought to prevent—passage of the subject zoning code amendments—had not yet occurred. However, it is undisputed that the subject code amendments have since been enacted by the Village. As such, the Court cannot grant the relief requested in the petition; were the Court to now grant such relief, it would have no practical effect. Therefore, the Court must agree with Respondent that the petition is moot (see Dreikausen, 98 NY2d at 172). 
To the extent Petitioner now wants the Court to annul and vacate the Village's passage of Local Law #1 of 2026 as being arbitrary and capricious, affected by an error of law, made in violation of lawful procedure, or an abuse of discretion, pursuant to CPLR § 7803(3), or to issue a declaratory judgment, such different forms of relief would require an amended petition or a new proceeding. Petition has neither amended the petition nor made a motion to do so, pursuant to CPLR § 3025(b). Petitioner correctly notes that leave to amend or supplement pleadings "shall be freely given upon such terms as may be just;" however, the granting of such leave presupposes that a motion has been made. As Respondent correctly pointed out, a motion to amend must be accompanied by "the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading" (CPLR § 3025[b]. See also G4 Noteholder, LLC v LDC Props., LLC, 153 AD3d 1326, 1327 [2d Dept 2017] [motion to amend properly denied where proposed amended pleadings were not submitted]). In response to Respondent's motion to dismiss, Petitioner could have made a proper cross-motion to amend or to replead (see Rabos v R&R Bagels & Bakery, Inc., 100 AD3d 849, 853 [2d Dept 2012]; Janssen v Incorporated Vil. of Rockville Ctr., 59 AD3d 15, 27 [2d Dept 2008]). Petitioner did not do so.
Absent an amended or supplemental petition setting forth a currently valid cause of action, the Court must grant Respondent's motion to dismiss.
[*4]B. Defective Service / Personal Jurisdiction
Respondent further moves for dismissal based upon Petitioner's failure to strictly comply with the manner of service set forth in the Order to Show Cause. "The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with" (Codrington v Citimortgage, Inc., 118 AD3d 843, 844 [2d Dept 2014]).
Here, the Court directed Petitioner to personally serve the Order to Show Cause and all supporting papers upon the Irvington Village Clerk on or before January 12, 2026 (see NYSCEF Doc. No. 8, p. 2). However, personal service upon the Village Clerk-Treasurer was made on January 13, 2026, which was one day late (see Bugna Aff., ¶ 2). Petitioner does not dispute that personal service was made on January 13, 2026, but contends that his process server had intended to make service at the Village offices on January 12, 2025, but arrived just after 4:00 p.m., and the Village offices were closed at that time.[FN3]
Petitioner further contends that he served the papers upon the Village Attorney by email on January 6, 2026, thus giving Respondent actual notice of this proceeding.
The Court finds that Petitioner failed to strictly comply with the manner of service set forth in the Order to Show Cause. Whether the Village Attorney received a copy of the papers by email on January 6, 2026, and had actual notice, is not dispositive because the Court did not direct Petitioner to serve the Village Attorney, and, in any event, "[a]ctual notice does not cure a defect in service or confer personal jurisdiction on the court" (Kaszovitz v Weiszman, 110 AD2d 117, 120 [2d Dept 1985]). It was incumbent upon Petitioner to know the Village Clerk's office hours, particularly as he waited until the last day to dispatch a process server.[FN4]

Based upon Petitioner's failure to strictly comply with the manner of service set forth in the Order to Show Cause, this proceeding is subject to dismissal for failure to confer personal jurisdiction, pursuant to CPLR § 3211(a)(8).
The parties' remaining contentions, to the extent not rendered academic or explicitly addressed herein, have been considered and found to be unavailing.
Accordingly, for all the foregoing reasons, it is hereby
ORDERED that Respondent's motion to dismiss (motion sequence #2) is granted to the extent noted above, and the petition (motion sequence #1) is hereby dismissed, without costs or disbursements; and it is further
ORDERED that the Clerk of the Court shall enter judgment accordingly. 
This constitutes the Decision, Order and Judgment of the Court.
Dated: White Plains, New York
March 19, 2026
HON. SHERALYN PULVER
Acting Supreme Court Justice

Footnotes

Footnote 1:Schools are among the permitted uses in the MFO District (see Code of Village of Irvington § 224-47.8[D]).

Footnote 2:Though not explicitly stated in the petition, the Court reads the requested relief as seeking an order of prohibition pursuant to CPLR § 7803(2).

Footnote 3:Petitioner alleges that the office hours are not listed on the Village website. However, Respondent has demonstrated that the hours of 9:00 a.m. to 4:00 p.m. are displayed on the Clerk-Treasurer page of the website (see NYSCEF Doc. No. 21).

Footnote 4:Moreover, it should be noted that the Court utilized Petitioner's proposed order to show cause, and the language requiring personal service upon the Village Clerk was submitted by Petitioner, so the hours certainly should have been familiar to him.